Marc Voisenat (CSB# 170935)
2329A Eagle Avenue
Alameda, Ca 94501
Tel: (510) 263-8664
Fax: (510) 272-9158

Attorney for Debtor-In-Possession
Sonja Nicolle Colbert

# United States Bankruptcy Court

# Northern District of California

| | |
|---|---|
| In re: | Case No.: 19-41729 |
| Sonja Nicolle Colbert | Chapter 11 |
| Debtor-In-Possession. | **STATUS CONFERENCE STATEMENT** |
| | Date: August 29, 2019<br>Time: 10:00 a.m.<br>Crtrm: 215 |

1. **The factors (business, financial, operational and any other problems) leading to this bankruptcy filing, the debtor(s)' objectives in this Chapter 11 case, and the means proposed to achieve those objectives;**

The debtor owns nine real properties. She lives in one, rents out four others and four are vacant. The debtor has been able to keep the properties current, but she is running out of money and could face foreclosure soon if she cannot liquidate the vacant properties in a short period of time. Prior to filing the above case, the debtor was in process of selling a property, but the buyer failed to perform preventing escrow from closing. The debtor has sued the buyer and that case is pending. Just prior to the filing, the debtor was in escrow with another property when a lien appeared that the debtor believes was paid off over ten years ago.

The debtor has also been involved with litigation with former tenants. In one case, the tenant was prepared to take a default judgment against the debtor but for the bankruptcy filing. Several other tenants have threatened to bring habitability claims against the debtor. The debtor is concerned that all this litigation will delay her in reaching her goal which is to sell all her real properties that are vacant.

The debtor hopes to liquidate the real properties as soon as possible, she is a real estate broker and she believes she can sell the properties before she runs out of money. The debtor is not working and other than rents, she only gets support and a disability pension. She will be unable to keep up with the mortgages if she cannot get her properties sold. In addition, she seeks to avoid any further litigation.

2. **A proposed schedule for filing a plan and disclosure statement, and for confirmation of the proposed plan**

The debtor anticipates that a plan could be filed in the next 60.

3. **An outline of the proposed plan**

This would be a liquidation plan to sell four real properties. That would be sufficient to pay of all current claims.

4. **The type, status and adequacy of insurance coverage of the debtor(s)' assets**

All estate assets are insured.

5. **Whether the debtor has met the requirements for retaining professionals in the case, and the estate's need for retaining any additional professionals (e.g., attorneys, accountants, brokers, etc.)**

The application to employ an attorney will be filed prior to the hearing. The debtor will also file an application to retain her state court attorney.

6. **The debtor(s)' post−petition operations, revenue and financial results**;

The debtor currently receives rents, a disability pension and support. Once the debtor sells her vacant properties, her current income will be sufficient to service her debt.

7. **The status of any litigation pending in or outside of this Court**

The debtor is prosecuting two state court cases and those are pending. There is a case in which a default was taken against the debtor which is now stayed. The debtor contends she was never served with the complaint.

8. **The debtor(s)' attendance at a meeting of creditors pursuant to 11 U.S.C. § 341(a), and compliance with requests for information from the U.S. Trustee (including but not limited to requests made in the Initial Debtor Interviews)**

The debtor appeared at the IDI. The MOC is set for August 26, 2019. The debtor is in process of providing the information required by the UST.

9. **The status of monthly operating reports, debtor−in−possession (DIP) accounts and required post−petition payments to taxing authorities**

The first MOR is due September 21, 2019. The debtor has opened a DIP account. No post-petition tax payments have come due yet.

10. **Whether the debtor has met the requirements for using cash collateral and obtaining credit**

The debtor will pay the mortgage on the rented properties and sequester any other rents.

11. **Orders entered in the case granting relief from the automatic stay, extending or refusing to extend the automatic stay or determining there is no automatic stay in effect as to any or all creditors**

None

12. **Motions to assume or reject any executory contracts or unexpired leases that have been or are expected to be filed**

None anticipated.

13. **Unique issues concerning secured debt, employees, cash collateral, executory contracts, existing management and/ or equity owners**

As set forth above, there is a lien the debtor says was paid off years ago in which a reconveyance was never recorded. The debtor will file a motion to sell free and clear of this lien pending resolution of that lien.

14. **Unusual developments or events that have occurred or are expected to occur in the case, and any other matters that might materially affect the administration of this case.**

   None

Dated: August 22, 2019

/s/ Marc Voisenat
Marc Voisenat
Attorney for Debtor