Marc Voisenat (CSB# 170935)
2329A Eagle Avenue
Alameda, Ca 94501
Tel: (510) 263-8664
Fax: (510) 272-9158

Attorney for Debtor-In-Possession
Sonja Nicolle Colbert

## United States Bankruptcy Court

## Northern District of California

| | |
|---|---|
| In re: | Case No.: 19-41729 |
| Sonja Nicolle Colbert | Chapter 11 |
| Debtor-In-Possession. | **MOTION TO APPROVE THE SALE OF 1109 SEMINARY AVENUE, OAKLAND, CA 94621 FREE AND CLEAR OF THE LIEN OF THE CIT GROUP, INC.** |
| | Date: September 17, 2019<br>Time: 10:00 a.m.<br>Crtrm: 215 |

### INTRODUCITON

Debtor requests the court to authorize the sale of the debtor's interest in the real property located at 1109 Seminary Avenue, Oakland, CA 94621 ("Seminary") to IPX 1031 Exchange Services, Inc. as Qualified Intermediary for Andrew Woodside Carter for $812,500. Debtor further requests that the Court approve the sale free and clear of the lien and interest of the CIT GROUP, INC..

///

## JURISDICTION AND VENUE

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief sought in this Motion is §363(b) of title 11 of the United States Code (the "Bankruptcy Code"), as complemented by Rule 6004 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND OF THE CHAPTER 11 CASE

On July 30, 2019 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. No trustee or committee has been appointed. No chapter 11 plan has been confirmed.

THE DISPUTED LIEN AND INTEREST OF:

1. CIT GROUP, INC. (CIT)

In October 2003 the debtor refinanced Seminary through World Savings in the amount of $220,000. That loan was used to pay off Washington Mutual Bank and CIT Home Equity. Escrow closed on or about October 30, 2003. The closing stament from that escrow shows payment to CIT Home Equity in the approximate amount of $56,000. According to the preliminary title report attached to the debtor's declaration as Exhibit B, the beneficial interest under the deed of trust was assigned to The CIT Group by assignment recorded April 15, 2019 as Instrument No. 2019067435 of Official Records.

The debtor requests that the entire amounted demanded by The CIT Group with the aforementioned lien or interest attaching to the sales proceeds to the same extent, validity and priority as they currently exist pending further order of this court.

## THE PROPOSED SALE

IPX 1031 Exchange Services, Inc. as Qualified Intermediary for Andrew Woodside Carter (Carter) has agreed to purchase the estate's interest in Seminary. This property is not the

debtor's residence.  In consideration, Carter will pay $812,500. The only known secured liens against the real property are as follows:

> (a) a disputed deed of trust in favor of CIT Group and (b) a deed of trust in favor or Wells Fargo Home Mortgage.

If the sale is approved, there is due a real estate commission of $20,312.50 due upon the sale to Red Oak Realty, estimated closing costs and taxes in the approximate amount of $9,000.

Escrow will be handled by North American Title Company, Inc., Inc. whose address is 3211 Auto Plaza, Unit A, Richmond, CA 94806, telephone number is (510)222-5052 and fax number (510) 222-9931.  The escrow officer is Melannie Steeley whose email is msteeley@nat.com with file no.: 54706-1639007-19.

The debtor believes that the Buyer is purchasing Seminary in good faith and for fair consideration and believes that the sale of Seminary is in the best interests of her estate and its creditors.

## RELIEF REQUESTED

By this Motion, the Debtor seeks entry of an order, pursuant to §§363(b), (f)(3) of the Bankruptcy Code, authorizing and approving the sale of the debtor's interest in Seminary to Carter for $812,500 free and clear of the lien of The CIT Group.  In addition, although Bankruptcy Rule 6004(h) provides for a ten (10) day stay of a sale order unless the Bankruptcy Court orders otherwise, the debtor requests that the Bankruptcy Court waive the stay provisions of Bankruptcy Rule 6004(h) so that the sale may close as expeditiously as possible.

## APPLICABLE AUTHORITY/ BASIS FOR RELIEF REQUESTED

**1. Sale of Estate Property Pursuant to Section 363(b)**

The trustee, after notice and a hearing, may sell property of the estate. 11 U.S.C. § 363(b)(1); see also Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343, 352 (1985). As such, the debtor has the right to sell Seminary.

The sale must be in the best interests of the estate and the price must be fair and reasonable. In re Canyon Partnership, 55 B.R. 520 (Bankr. S.D. Cal. 1985); see also In re Wilde Horse Enterprises, Inc., 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991) (sale must have fair/reasonable price, accurate/reasonable notice to creditors and sale made in good faith). The trustee must articulate some "business justification" for selling estate property out of the "ordinary course of business" before the court may approve the transaction. In re Lionel Corp., 722 F.2d 1063, 1071 (2d Cir. 1983); In re Ernst Home Ctr., Inc., 209 B.R. 974, 979 (Bankr. W.D. Wash. 1997).

Objections to sale that are based on inadequacy of price are often resolved the court ordering an auction, which may occur in open court. Simantrob v. Claims Prosecutor, LLC (In re Lahijani), 325 B.R. 282, 287 (9th Cir. BAP 2005) citing Fed. R. Bankr. P. 6004(f).1

From the sale of Seminary, the estate will receive $812,500 to be used to pay off the claim of Wells Fargo Bank, N.A. Funds in the approximate amount of $56,000 will be held pending further Court order on the disputed claim of the CIT Group.

Accordingly, in the exercise of her sound business judgment, the Debtor believes that the sale of Seminary, is in the best interests of the Debtor, her estate and her creditors.

The Debtor has conducted an investigation of Seminary and has evaluated her options regarding the sale. As a result, thereof, the Debtor believes that the proposed offer for Seminary as set forth herein represents the best offer for the property.

2. **THE SALE SHOULD BE APPROVED FREE AND CLEAR OF THE LIEN OF CIT**

11 U.S.C. § 363(f) allows the Debtor to sell certain property under subsection (b) free and clear of claims and interests. 11 U.S.C, § 363(f) provides as follows:

"(f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interests in such property of an entity other than the estate, only if -

    (1)    applicable non-bankruptcy law permits sale of such property free and clear of such interests;

    (2)    such entity consents;

    (3)    such interests is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property,

    (4)    such interests is in bona fide disputes; or

    (5)    such entity could be compelled, in legal or equitable proceeding, to accept a monetary satisfaction of such interest."

Section 363(f) is drafted in the disjunctive. Thus, satisfaction of any of the requirements enumerated therein will suffice to warrant the Debtor's sale of the Real Property. See Citicorp Homeowners Services. Inc v. Elliot, 94 B.R. 343, 345 (E.D. PA 1988).

    a.  **CIT's Interests Is A Purported Lien and The Price At Which Such Property Is To Be Sold Is Greater Than The Aggregate Value Of All Liens On Such Property**

Due to the number and amount of the existing liens the issue is whether the sale price must be greater than the aggregate face value of the debt or the value of the collateral. There has been a sharp divide among courts as to the meaning of the word "value" in § 363(f)(3). A number of courts construe the term "value" to mean the face amount of the liens. Therefore, a sale free and clear of liens cannot be approved unless the sale price exceeds the total amount of debts against the property. In re Levitt & Sons, LLC, 384 B.R. 630, 648 (Bankr. S.D. Fla. 2008) Other courts construe the term "value" to mean the secured value, and not the face amount of the lien. Id. In this case, under any construction, the price at which such property is to be sold is greater than the aggregate value of all liens, including CITs, on such property.

///

### b. CIT's Interests Is a Bona Fide Dispute

The Court can approve the proposed sale under Bankruptcy Code Section 363(f)(4) which allows a sale to proceed free and clear of any interest if the interest is in bona fide dispute.

The purpose of §363(f)(4) is to permit property of the estate to be sold free and clear of interests that are disputed by the estate "so that liquidation of the estate's assets need not be delayed while such disputes are being litigated." In re Clark, 266 B.R. 163, 171 (9th Cir. BAP 2001) Here the debtor bears the burden of showing that a bona fide dispute exists. See In re Terrace Chalet Apartments, Ltd., 159 B.R. 821, 828 (N.D. Ill. 1993) (citing In re Octagon Roofing, 123 B.R. 583, 590 (Bankr. N.D. Ill. 1991). Property may be sold free and clear of a lien when the dispute involves third parties. In re Gerwer, 898 F.2d 730, 733 (9th Cir. 1990) (bona fide dispute need not be between the debtor or trustee and lienholder, but rather, if the outcome of dispute over interest will affect value of estate, statutory language is sufficient to embrace interest).

In this case, the CIT Group has a recorded deed of trust that was purportedly paid by a refinance that closed back in 2003. The debtor contends that the deed of trust is invalid in that the underlying promissory note has been satisfied.

WHEREFORE, the Debtor respectfully requests entry of an order

(a) authorizing the Debtor to sell 1109 Seminary Avenue, Oakland, California 94621 pursuant to the terms of the purchase agreement as set forth herein, and

(b) authorizing the sell free and clear of the interests of the CIT Group, Inc.; and

(c) granting the Debtor such other and further relief as this Court may deem just and proper.

Dated: September 3, 2019

/s/ Marc Voisenat
Marc Voisenat