EDDY HSU, ESQ. (BAR # 245390)
LAW OFFICE OF EDDY HSU
1900 S NORFOLK ST, STE 350
SAN MATEO, CA 94403
(650) 577-5950
Attorney for Movants

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In Re:

Sonja Nicolle Colbert,

        Debtor(s).

Case No. No. 19-41729

Chapter 11

RS. No. RS-001

MEMORANDUM OF POINTS AND AUTHORITIES

**SUMMARY**

Debtor is professional landlord with 7 rental properties including some with several units. Debtor holds over $3,000,000 in equity and over $800,000 in cash. Movants are either tenants in her rental properties or a party that was harmed on Debtor's premise. Debtor disputes all claims and wants litigation. Debtor should not have automatic stay to gain an advantage in litigation.

**THE BASE CASE AND PARTIES**

1. Debtor Sonja Nicolle Colbert filed her Chapter 11 bankruptcy case on July 30, 2019.

2. Creditor Cleveland Mitchell ("Mitchell") is the plaintiff in civil case RG17881383 filed in Alameda Superior Court which names Debtor as a Defendant. Mitchell filed proof of claim #2 in the Debtor's bankruptcy.

3. Creditor Tisha Rose ("Rose") is the plaintiff in civil case RG19032153 filed in Alameda Superior Court which names Debtor as a Defendant. Mitchell filed proof of claim #6 in the Debtor's bankruptcy.

4. Creditor Susan Cazares ("Cazares") is the plaintiff in civil case RG19033658 filed in Alameda Superior Court which names Debtor as a Defendant. Mitchell filed proof of claim #7 in the Debtor's bankruptcy.

5. In Debtor's most recent disclosures (docket item 89):

   a. Debtor listed claims by Mitchell, Cazares, and Rose (collectively referred to as "Movants") as disputed. (*See table on page 5 – "Part 2: Treatment of General Unsecured Creditors, Class 2b"*)

   b. Debtor's plan will pay Movants $0.00 of their claim (even though she mistakenly marks the class as 100% repayment) making Movants an impaired class.

   c. Debtor gives herself 180 days to determine whether she will dispute the claims. During that time, Movants are prohibited from moving forward with their lawsuits (pursuant to the plan) and will not receive any payments from the Debtor. (*See page 6 line 4-13 – "Disputed Claims."*)

   d. Debtor lists each of Movants as a party she will litigate against. (*See docket item 89 - pages 11-12 under <u>section (f) lawsuits</u>*).

6. Of importance, Debtor lists at least $841,000.00 of cash in a checking account which is almost 3 times as much as all general unsecured debt in the case.

## SUMMARY OF DISPUTED CLAIMS

7. Claimant Mitchell complaint has 13 causes of action and a request for exemplary damages. Mitchell was a renter from one of Debtor's properties which had serious habitability violations which Debtor refused to fix. The City of Oakland inspected and cited the property for the defects. Debtor then retaliated and tried to evict Mitchell twice (unsuccessfully). Mitchell's lawsuit has been going for 3 years.

8. Claimant Rose complaint has 11 causes of action and a request for exemplary damages. Rose was a renter from one of Debtor's properties which had serious habitability violations which Debtor refused to fix. The Oakland Housing Authority inspected and failed the property for the defects. Debtor then retaliated and tried to evict Rose.

9. Claimant Cazares complaint has 2 causes of action stemming from an injury she sustained at one of Debtor's properties. Cazares was severely burned while visiting one of Debtor's properties due to faulty gas or electrical conditions. Although Debtor should have premises liability, the bankruptcy has prevented Cazares from collecting for her injury.

**RELIEF FROM STAY SHOULD BE GRANTED FOR CAUSE BECAUSE <u>DEBTOR</u> IS DEMANDING TRIAL WHILE SOLVENT**

10. 11 USC 362(d) allows for Relief from Stay "for cause". Determining whether "cause" exists to grant relief from automatic stay is within the discretion of the bankruptcy court and is determined on a case-by-case basis because the Bankruptcy Code does not define "cause." *Christensen v. Tucson Estate, Inc. (In re Tucson Estate, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990); *In re Siverling*, 179 B.R. 909, 911 (Bankr. E.D. Cal. 1995).

11. "Cause, based on a balancing of factors, may warrant allowing a litigant to continue to pursue pending state court litigation against a debtor" and Courts look to various factors to determine whether cause exists to lift the stay. *In re Aquarius Disk Services, Inc.*, 254 B.R. 253, 260 (Bankr. N.D. Cal. 2000) citing *In re America West Airlines*, 148 N.R. 920, 923 (Bankr. D. Ariz 1993). The factors to be considered include (1) whether the litigation causes debtor great prejudice, (2) whether a balancing of the respective hardships tips in favor of the debtor or creditor, resulting from denial or granting of the relief, and (3)

whether public policy supports the type of action the Movant is bringing against the Debtor. *In re America West Airlines*, 148 B.R. at 923.

12. There is no prejudice or hardship to Debtor if relief from stay is granted because she is demanding an adjudication of Movants' complaints. (See Debtor Disclosures - docket item 89). Since the Debtor is demanding a trial on the merits, then the Debtor clearly does not need the automatic stay because she wants her "day in court". Additionally, Debtor's Disclosures state that she intends to sue the same Movants which is further proof that she suffers no prejudice to have the stay lifted and proceed to State court.

13. Litigation will not cause the Debtor any prejudice with other creditors. The Debtor has more than 10X the funds necessary to cure current arrears on secured lien holders and is oversecured on all real property collateral. All other unsecured debts total less than $1,000.00 which Debtor can cover with her $831,000 of cash.

14. In contrast, a denial of relief from stay would be a hardship to Movants because Debtor's own disclosures state that she will NOT pay Movants until their claims are liquidated. Since Debtor require Movants' lawsuits to conclude before paying them, there is no reason to stay the Movants' lawsuits except to prejudice the Creditors.

15. Furthermore, lifting the stay is appropriate because there is no particular reason for Debtor to reserve 180 days to decide to whether she will litigate or not. Debtor's bankruptcy case is already 9 months old and Movant's lawsuits are as old as 3 years. Debtor had ample time to decide if she wants to pay out the claims as filed. There is no prejudice to Debtor if she has to litigate her claims now instead of 180 days from now compared to Movants who have to wait for 180 days to find out if they get paid or not.

MOTION FOR RELIEF FROM STAY

Case: 19-41729    Doc# 103-1    Filed: 04/03/20    Entered: 04/03/20 15:54:26    Page 4 of 7

16. Public policy promotes Movant's type of action because landlord tenant actions are of great interest to the State and its citizens. The dispute between the parties are not over a simple contract but the interplay between landlords and their tenants. The dichotomy of power between parties and examples of rampant abuse is enough to allow the State case to move forward. For example, if Movant prevails on the Breach of Implied Warrant of Habitability then Debtor may have to fix her rental property to make it safer for all the tenants. Public policy supports relief from stay.

17. Under a public policy standard, the stay should be lifted because Debtor is a professional landlord. She has 7 rental properties with multiple apartment in each. Debtor has an obligation to each of her tenants to provide safe and habitable rentals. Debtor should not use bankruptcy as a means to get out of her professional obligations while she continues to collect rent.

18. Debtor is more than solvent to afford litigation at the State Court level because she has over $800,000 of cash and over $3,000,000 of equity in her real property at the date of filing.

19. Finally, since the Debtor desires to "return to the fray" of litigation, then lifting the stay now would be appropriate.

20. Cause, based on a case by case review, favors lifting the stay due to Debtor's own intentions.

21. Automatic stay should be granted for cause under the *Aquarious* factors.

**RELIEF FROM STAY SHOULD BE GRANTED SO THAT THE STATE COURT CAN RESOLVE THE COMPLAINT UNDER STERN AND FOR JUDICIAL ECONOMY**

22. Under *Stern v Marshall, (131 S. Ct 2594 (2011))*, a Bankruptcy Court lacks jurisdiction to resolve disputes that are not a core proceeding. Here, the resolution of the 3 lawsuits

are not core proceedings because there is no equivalent section in the Bankruptcy code for issues such as Retaliatory Eviction, Breach of Implied Warranty of Habitability, or Negligence. The Bankruptcy Court, as governed by its own Code and Rules, should not accommodate adjudication of the issues presented when there is a far better jurisdiction (the State Court) assigned for such cases.

23. *In re Kemble*, 776 F.2d 802 (9th Cir. 1985) held that judicial economy alone justified lifting stay to permit a state court lawsuit to proceed. Here, relief from stay is appropriate under judicial economy because the bankruptcy court cannot accommodate three simultaneous jury trials for a single Debtor. The Debtor has (3) separate and distinct lawsuits going on which each require a jury. The bankruptcy court is not equipped to take on the Debtor's trial at the same time due to time and space constraints. The State Court has multiple courtrooms and judges which can accommodate the 3 lawsuits. For judicial economy, Debtor needs to deal with all lawsuits at once or else matter could extend for years.

24. Allowing Debtor to try one Creditor while making the other Creditors wait is inherently unfair because Debtor owns multiple rental properties and she collects rent simultaneously. If Debtor wants to own multiple properties then she has to deal with the problems of each property as they come up, not one at a time.

25. Relief from stay is appropriate because, under *Stern* and judicial economy.

**RELIEF FROM STAY SHOULD BE GRANTED IF DEBTOR HAS AVAILABLE INSURANCE**

26. Here, the Debtor has premise liability insurance as well as other insurance as a landlord. By lifting the stay, Movants can explore alternative means of compensation without

MOTION FOR RELIEF FROM STAY

Case: 19-41729    Doc# 103-1    Filed: 04/03/20    Entered: 04/03/20 15:54:26    Page 6 of 7

collecting from Debtor herself. Such remedies are available to Creditor's upon discharge and should not be an impediment pending the bankruptcy.

WHEREFORE, Movanats prays for the following Court order:

A. Creditor Mitchell, Rose and Cazares Motion for Relief from Stay be granted.
B. That the 14 day stay described in Bankruptcy Rule 4001(a)(3) be waived; or
C. Any other orders the Court deems necessary.

**LAW OFFICE OF EDDY HSU**

Dated: April 3, 2020  /s/ Eddy Hsu
EDDY HSU
Attorney for Debtor