```
EDDY HSU, ESQ. (BAR # 245390)
LAW OFFICE OF EDDY HSU
1900 S NORFOLK ST, STE 350
SAN MATEO, CA 94403
(650) 577-5950
Attorney for Creditor Norman Ng
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>Sonja Nicolle Colbert,<br><br>            Debtor(s). | Case No. 19-41729<br><br>Chapter 11<br><br>DECLARATION OF **CLEVELAND MITCHELL** IN SUPPORT OF MOTION |

      I, Cleveland Mitchell, file this declaration in support of my Motion for Relief from Stay.

      I ask for Relief from Stay so that I may pursue adjudication of my civil lawsuit in Alameda Superior Court. (case no. RG17881383, filed on November 6, 2017. (the "Lawsuit").

      I am the sole plaintiff in the Lawsuit and I have named Debtor Sonja Colbert as Defendant. In my complaint, I have listed 13 causes of action, a request for exemplary damages, and a demand for jury trial. In summary, Debtor's rental property was seriously defective will all manner of issues like cockroach infestations, defective heater, inadequate ventilation, improper weatherproofing, and inadequate security amongst other problems. Debtor even tried to evict me twice after I complained. (A true and accurate copy of my complaint is attached as **Exhibit A**) I had originally obtained a default judgment against Debtor and was trying to collect before she filed for bankruptcy.

      I want to note that Debtor initially plans to pay $0.00 to my claim. Debtor has set aside my default judgment and wants 180 days to decide if she will dispute my claim or not. Debtor also states that she intends to pursuit a lawsuit against me.

DECLARATION IN SUPPORT -- Page 1 of 2

I believe relief from stay is appropriate because Debtor has disputed my claim and has reserved the right to challenge it. (docket item 89). Since Debtor wants the right to liquidate my claim, then she should go back to the State Court now for trial. I have waited almost 3 years for this Lawsuit to conclude so Debtor should not get another 180 days just because she wants it.

Furthermore, relief from stay is needed because Debtor states she will pursue a lawsuit against myself. Since she is taking me to Court anyway, then I should be able to continue my lawsuit.

I find it extremely inequitable for Debtor to stop a lawsuit, give herself 180 days to decide to dispute my claim or not, and also be allowed to continue to sue me. Debtor is a professional landlord with multiple rental properties (some with multiple units). Debtor is still operating as a landlord and collecting rent, so she should own up to her mistakes while running her business.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is both true and correct. Executed this 3rd day of April, 2020 in Oakland, California.

                                        */s/ Cleveland Mitchell*
                                        Cleveland Mitchell
                                        Creditor and Moving Party

Andrew Wolff, Esq. (SBN 195092)
David Lavine, Esq. (SBN 166744)
Wortham F. Briscoe, Esq. (SBN 303359)
LAW OFFICES OF ANDREW WOLFF, PC
1956 Webster Street, Ste. 275
Oakland, California 94612
T(510) 834-3300
F(510) 834-3377
andrew@awolfflaw.com
david@awolfflaw.com

Attorney for Plaintiff
CLEVELAND MITCHELL

ENDORSED
FILED
ALAMEDA COUNTY
NOV 0 6 2017
CLERK OF THE SUPERIOR COURT
By Alex R. Kosenko Jr, Deputy

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

UNLIMITED JURISDICTION

| | |
|---|---|
| CLEVELAND MITCHELL, <br><br> Plaintiff, <br><br> vs. <br><br> SONJA COLBERT, individually and as Trustee of the Sonja Colbert Trust, and DOES 1-30, <br><br> Defendants. | Case No.: **RG 17881383** <br><br> **COMPLAINT FOR DAMAGES; JURY TRIAL DEMANDED** |

Plaintiff, CLEVELAND MITCHELL, alleges as follows:

## GENERAL FACTUAL ALLEGATIONS

1. At all times herein relevant, Plaintiff, CLEVELAND MITCHELL (hereinafter "**Plaintiff**"), was a competent adult residing in the City of Oakland, County of Alameda, California.

2. Plaintiff is informed and believes, and thereon alleges, that SONJA COLBERT, individually and as Trustee of the Sonja Colbert Trust, and DOES 1-30 (hereinafter collectively "**Defendants**"), owned, controlled, and/or managed the unit that Plaintiff MITCHELL resided in during all relevant periods of time in this complaint.

3. Defendants DOES 1-30 are individuals and/or business entities doing business in

Mitchell v. Colbert, et al.
Complaint for Damages, Jury Trial Demanded
-1-

Case: 19-41729    Doc# 103-2    Filed: 04/03/20    Entered: 04/03/20 15:54:26    Page 3 of 18

the County of Alameda and/or who are contracted to do work in the County of Alameda. Each and every Defendant was at all relevant time the agents and/or employees of other Defendants and acted within the scope of said agency and/or employment. Plaintiff MITCHELL does not know the true names of Defendants identified as DOES 1-30, but will seek leave to amend this complaint if and when Plaintiff MITCHELL discovers the identity of any of the Defendants now sued under the fictitious names DOES 1-30.

4. In committing the acts complained of herein, each Defendant acted as the authorized agent, employee, and/or representative of each other Defendant. Each act of each Defendants complained of herein was committed within the scope of said agency, employment, or other representation, and each act was ratified by each other Defendant. Each Defendant is liable, in whole or in part, for the damages and injuries suffered by Plaintiff MITCHELL.

5. This court is the proper court because Defendants do business in its jurisdictional area, the damage to Plaintiff MITCHELL–and the making of the contract which is the subject of this action–occurred within its jurisdictional area.

6. Plaintiff MITCHELL is informed and believes, and thereon alleges, that at all relevant times, Defendants were Plaintiff MITCHELL's landlords, and Plaintiff MITCHELL was the tenant of Defendants as those terms, "landlord" and "tenant" are defined under California Common Law, under California Code of Civil Procedure § 1161 et seq. and under California Civil Code § 1980.

7. On or about July 7, 2014, Plaintiff MITCHELL, as tenant, and Defendant COLBERT, individually and as Trustee of the Sonja Colbert Trust, as owner and/or agent and/or lessor, entered into a written agreement to rent the premises located at 1864 11th Avenue, #4, Oakland, California 94606 to Plaintiff MITCHELL. Such address is hereinafter referred to as the **"Subject Premises"**. The essential terms of this agreement were as follows: Plaintiff MITCHELL was to occupy the Subject Premises for a term of one year, and on a month-to-month basis thereafter, with a monthly rental value of $1,150.00 due on the first day of each month. A copy of this agreement is attached hereto as Exhibit A.

8. Defendants named herein were the owners and/or property managers or the agents

Mitchell v. Colbert, et al.
Complaint for Damages, Jury Trial Demanded
-2-

Case: 19-41729    Doc# 103-2    Filed: 04/03/20    Entered: 04/03/20 15:54:26    Page 4 of 18

and/or employees of the owners and/or property managers of the Subject Premises during all time periods relevant herein.

9. Throughout Plaintiff MITCHELL's tenancy several substantial habitability defects existed in the Subject Premises which rendered the Subject Premises unfit for human occupancy under California common law and statutes. The defects were due to the Defendants' failure to maintain the Subject Premises during their relevant periods of ownership and/or management of said Subject Premises. These substantial habitability defects existed in Plaintiff MITCHELL's unit and together and separately constituted violations of applicable housing laws, including but not limited to the Oakland Housing and Building Codes, California Civil Code §§ 1941.1, 1942, and Health and Safety Code §§ 17920, 19210, and 13133.7.

10. Said defective conditions included, but were not limited to, the following which existed at varying points throughout Plaintiff MITCHELL's tenancy:
mold and mildew growth; inadequate ventilation; defective heater; inadequate weatherproofing; gaps in doors and/or windows; inadequate security, defective security gate, sewage stains under bathroom sink, clogged bathtub, rust, chipping enamel, and defective caulking in bathtub, uneven flooring, cockroach infestation.

11. Plaintiff MITCHELL sent several repair requests in writing and made other requests verbally to Defendants to have the aforementioned defects and others existing throughout his tenancy remedied.

12. Plaintiff MITCHELL also filed complaints with the city of Oakland Community and Economic Development Agency which inspected the Subject Premises and cited Defendants for failing to maintain the Subject Premises in accordance with state and local housing and building codes.

13. Plaintiff MITCHELL is informed and believes and thereon alleges that Defendants violated health & safety code section 17920.3 and 17920.10 because Defendants allowed the subject property to contain hazardous fluids and materials, lack adequate weatherproofing, and to be substandard in every way identified herein and as defined by the applicable statutes.

Mitchell v. Colbert, et al.
Complaint for Damages, Jury Trial Demanded                                                                 -3-

Case: 19-41729    Doc# 103-2    Filed: 04/03/20    Entered: 04/03/20 15:54:26    Page 5 of 18

14. All defendants had adequate opportunity and notice to repair said defects prior to Plaintiff MITCHELL filing this complaint. Defendants failed and refused and continue to fail and refuse to repair the defects in Plaintiff MITCHELL's unit.

15. On or about September 13, 2016, Defendants filed an unlawful detainer lawsuit seeking to evict Plaintiff MITCHELL from the Subject Premises. This action was tried, and a judgment issued in Plaintiff MITCHELL's favor. Thereafter, on November 28, 2016, Defendants filed another unlawful detainer lawsuit seeking to evict Plaintiff MITCHELL from the Subject Premises. This action was dismissed by Defendants before coming to trial.

16. Plaintiff MITCHELL is informed, believes, and thereon alleges, that Defendants filed said unlawful detainer action to retaliate against Plaintiff MITCHELL because Plaintiff MITCHELL lawfully exercised his rights as a tenant, actions which include, but are not limited to, demanding repairs, contacting government agencies, and lawfully withholding rent in order to motivate Defendants to make repairs.

17. Plaintiff MITCHELL suffered emotional distress, physical injury, over-payment of rent, and out-of-pocket expenses as a result of the aforementioned habitability defects and other acts and/or omissions committed by Defendants.

**FIRST CAUSE OF ACTION**
**TORTIOUS BREACH OF THE IMPLIED WARRANTY OF HABITABILITY;**
**VIOLATIONS OF CIVIL CODE SECTION 1941**
**(Plaintiff v. All Defendants)**

18. Plaintiff re-alleges and incorporates into this cause of action the allegations of paragraphs 1 through 17, as if the same were set out at length herein.

19. Plaintiff made requests for repairs and reported uninhabitable conditions in his unit to his landlords and their agents and/or employees. Said requests were ignored, refused, denied, and/or inadequately addressed.

20. The City of Oakland has also issued at least two Notices to Abate to Defendants, both of which state that the Subject Premises is, and was, in violation of numerous state and local building codes.

21. Under California law, Defendants, as landlords, had an obligation pursuant to Civil Code §§ 1941 et seq. and common law to provide and maintain the Subject Premises rented

Mitchell v. Colbert, et al.
Complaint for Damages, Jury Trial Demanded                                        -4-

Case: 19-41729    Doc# 103-2    Filed: 04/03/20    Entered: 04/03/20 15:54:26    Page 6 of 18

to Plaintiff in a habitable condition. Under these obligations, Defendants owed a legal duty to Plaintiff to use due care to provide and maintain a habitable premises. Defendants breached their legal duty to Plaintiff by making inadequate repairs, by failing and refusing to make repairs, and by delaying in making necessary repairs to the Subject Premises after obtaining knowledge and/or being notified of the poor conditions of the Subject Premises. Said breaches of this legal duty caused Plaintiff to pay excessive rent, suffer out of pocket expenses, and emotional distress in an amount to be proven at trial. Said breaches actually caused and legally caused the complained of damages to Plaintiff.

22. Wherefore Plaintiff prays for the damages stated below.

## SECOND CAUSE OF ACTION
## CONTRACTUAL BREACH OF THE IMPLIED WARRANTY OF HABITABILITY; VIOLATIONS OF CIVIL CODE SECTION 1941
**(Plaintiff v. All Defendants)**

23. Plaintiff re-alleges and incorporates into this cause of action the allegations of paragraphs 1 through 17, as if the same were set out at length herein.

24. Plaintiff and Defendants entered into a written agreement to lease the Subject Premises. Every lease for residential property contains an implied warranty of habitability.

25. During Plaintiff's time of residency and prior to filing this complaint, Plaintiff performed his obligations or was excused from performing his obligations under his rental agreement.

26. Each and every defendant breached said agreement by making inadequate repairs, by failing and refusing to make repairs, and by delaying in making necessary repairs to the Subject Premises after obtaining knowledge and/or being notified of the poor conditions of the Subject Premises. Defendants further breached the rental agreement on multiple occasions by collecting rent from Plaintiff to which Defendants were not entitled because of the substantial habitability defects.

27. Plaintiff suffered damages including an overpayment of rent, and incidental out of pocket expenses. Plaintiff also seeks interest on his damages from each defendant calculated according to statute.

28. Wherefore Plaintiff prays for the damages stated below.

Mitchell v. Colbert, et al.
Complaint for Damages, Jury Trial Demanded                                     -5-

Case: 19-41729   Doc# 103-2   Filed: 04/03/20   Entered: 04/03/20 15:54:26   Page 7 of 18

# THIRD CAUSE OF ACTION
## VIOLATION OF CIVIL CODE SECTION 1942.4
### (Plaintiff v. All Defendants)

29. Plaintiff re-alleges and incorporates into this cause of action the allegations of paragraphs 1 through 17, as if the same were set out at length herein.

30. Within the statutory period, Plaintiff made several notifications to the respective managers and/or owners responsible for repairs and maintenance of the Subject Premises. Plaintiff's written and oral requests regarded various defects existing during relevant periods of his tenancy and these written and oral requests put defendants on notice of defects existing in the Subject Premises at the time of the notification. Defendants were also cited for the defects on the Subject Premises through a *Notices to Abate* sent by the City of Oakland regarding the subject premises.

31. None of the defective conditions at the Subject Premises were caused by any act of omission of Plaintiff.

32. Defendants failed to abate the conditions listed in the notices sent by the City of Oakland, and after more than 35 days had elapsed from service of the notices, Defendants continued to attempt to collect rent from Plaintiff.

33. Defendants violated the above-referenced statutes by failing and refusing to make the cited repairs to the Subject Premises, and by collecting rent despite actual and/or constructive notice of the substandard conditions and statutory habitability violations. Defendants also engaged in retaliatory conduct in response to Plaintiff's lawful enforcement of his rights as a tenant by refusing to make repairs to Plaintiff's unit, by refusing to offer Plaintiff an appropriate rent reduction in light of the substantial habitability defects.

34. Despite knowing the Subject Premises was not compliant with Civil Code Section 1941, and in violation as determined by the City of Oakland, Defendants demanded and collected rent from Plaintiff during his tenancy even though such defects existed and were not repaired or abated within 35 days.

35. Plaintiff suffered out of pocket expenses and spent his time attempting to resolve the problems existing in his unit. Plaintiff suffered emotional distress as a result of Defendants

Mitchell v. Colbert, et al.
Complaint for Damages, Jury Trial Demanded                                -6-

Case: 19-41729    Doc# 103-2    Filed: 04/03/20    Entered: 04/03/20 15:54:26    Page 8 of 18

knowing refusal to repair the substantial defects in his unit. Defendants intended by their acts to cause, knew to a substantial certainty that their acts would cause, and/or acted in reckless disregard of the consequences of their acts, so as to cause, the damage and injuries to Plaintiff which resulted from their acts.

36. Wherefore Plaintiff prays for the damages stated below.

### FOURTH CAUSE OF ACTION
### BREACH OF CONTRACT - CAL. CIVIL CODE §3300 et seq.
### (Plaintiff v. All Defendants)

37. Plaintiff re-alleges and incorporates into this cause of action the allegations of paragraphs 1 through 17, as if the same were set out at length herein.

38. Plaintiff and Defendants entered into a written residential rental agreement. Defendants were obligated to perform under the terms of this agreement. Plaintiff performed or was excused from performing his obligations under the contract. A covenant to provide a habitable premises and a covenant of good faith and fair dealing is contained in every residential rental lease and/or agreement in the State of California pursuant to state statute and common law. Furthermore Defendants warranted that the Subject Premises was in good condition at the time of entering into the contract

39. Defendants breached the terms of said agreement on multiple occasions during the term of preceding the filing of this complaint by failing to make requested repairs, by failing to provide a habitable premises to Plaintiff, and by collecting rent without repairing the substandard and habitability defects on the Subject Premises after being given a reasonable opportunity to do so. Defendants also failed to reasonably inspect their property for defects and health and safety hazards, and failed to warn or protect Plaintiff from harm due to the health and safety hazards contained herein.

40. As a result of all Defendants' conduct Plaintiff suffered damages including overpayment of rent, out of pocket expenses, physical and mental discomfort, and other damages to be ascertained at trial.

41. Wherefore Plaintiff prays for the damages stated below.

Mitchell v. Colbert, et al.
Complaint for Damages, Jury Trial Demanded                                                                   -7-

Case: 19-41729    Doc# 103-2    Filed: 04/03/20    Entered: 04/03/20 15:54:26    Page 9 of 18

## FIFTH CAUSE OF ACTION
## BREACH OF QUIET ENJOYMENT - CALIFORNIA CIVIL CODE §1927
(Plaintiff v. All Defendants)

42. Plaintiff re-alleges and incorporates into this cause of action the allegations of paragraphs 1 through 17, as if the same were set out at length herein.

43. Every lease for real property includes the implied warranty of quiet enjoyment. This covenant prohibits lessors and landlords from actions that diminish a Plaintiff's beneficial enjoyment of the Subject Premises. The covenant also places on lessors and landlords an affirmative duty to take reasonable steps in protecting Plaintiff's quiet enjoyment of the Subject Premises from interference by other persons on or about the Subject Premises.

44. All Defendants by and through the acts and omissions alleged herein, breached the warranty of quiet enjoyment. All Defendants interfered with Plaintiff's use and enjoyment of the Subject Premises by allowing the conditions named above and others according to proof to exist after being informed of their existence and being given an ample opportunity to correct these conditions.

45. As a direct and proximate result of the breach of all Defendants, Plaintiff has suffered damages to be ascertained at trial.

46. Wherefore Plaintiff prays for damages stated below.

## SIXTH CAUSE OF ACTION
## PRIVATE NUISANCE - CALIFORNIA CIVIL CODE §3501 et seq.
(Plaintiff v. All Defendants)

47. Plaintiff re-alleges and incorporates into this cause of action the allegations of paragraphs 1 through 17, as if the same were set out at length herein.

48. All Defendants created a nuisance on the Subject Premises by interfering with Plaintiff's use and enjoyment of the Subject Premises by allowing the conditions named above, and others, to exist after being informed of their existence and being given an ample opportunity to correct these conditions.

49. The aforementioned conditions were harmful to Plaintiff's health, and/or offensive to his senses, and/or an obstruction to the free use of the property so as to interfere with the comfortable enjoyment of his life and/or property.

Mitchell v. Colbert, et al.
Complaint for Damages, Jury Trial Demanded -8-

Case: 19-41729    Doc# 103-2    Filed: 04/03/20    Entered: 04/03/20 15:54:26    Page 10 of 18

50. Plaintiff made several complaints to all Defendants regarding the uninhabitable conditions of the dwelling unit and complained of other disturbances to his possession and quiet enjoyment of the Subject Premises. Defendants failed and refused to remedy the conditions of the Subject Premises.

51. As a direct and proximate result of the aforementioned conditions on the Subject Premises, Plaintiff was reasonably annoyed and/or disturbed by the condition of his living unit. Furthermore, Plaintiff was harmed by these conditions. Plaintiff incurred out of pocket expenses, suffered emotional distress, and did not receive the full benefit of his home. The harm to Plaintiff outweighs any potential benefit, if any exists, of Defendants' conduct. As a direct and proximate result of Defendants' failures, Plaintiff suffered damages as specified throughout this complaint.

52. Wherefore Plaintiff prays for the damages stated below.

## SEVENTH CAUSE OF ACTION
### PREMISES LIABILITY - VIOLATION OF CAL. CIVIL CODE SEC. 1714
(Plaintiff v. All Defendants)

53. Plaintiff re-alleges and incorporates into this cause of action the allegations of paragraphs 1 through 17, as if the same were set out at length herein.

54. Defendants who owned and/or were otherwise responsible for the maintenance of the Subject Premises had an obligation to maintain the Subject Premises and to perform repairs in a reasonable and safe manner. As a tenant, Defendants owed Plaintiff a duty of care which encompassed maintaining the Subject Premises and performing repairs in a reasonable and safe manner. During the statutory period, Plaintiff suffered physical, mental and emotional injuries due to the dangerous conditions of the Subject Premises which include, but are not limited to, mold and mildew growth, inadequate ventilation, defective heater, inadequate weatherproofing, gaps in doors and/or windows, inadequate security, defective security gate, sewage stains under bathroom sink, clogged bathtub, rust, chipping enamel, and defective caulking in bathtub, uneven flooring, cockroach infestation, all of which caused or contributed to Plaintiff's physical injuries, and emotional distress in the form of mental anguish, and pain and suffering.

55. Defendants had ownership, and/or control of the subject property at the time of

Mitchell v. Colbert, et al.
Complaint for Damages, Jury Trial Demanded -9-

Case: 19-41729　Doc# 103-2　Filed: 04/03/20　Entered: 04/03/20 15:54:26　Page 11 of 18

Plaintiff's injury. Prior to Plaintiff's injury Defendants knew, or should have known, about the dangerous conditions and that exposure to them was, and is, a health hazard and/or in fact injured or contributed to the injury of Plaintiff.

56. Defendants did not remedy the condition before Plaintiff suffered emotional distress and physical injury. Defendants had the ability and opportunity to warn of the dangerous conditions, but did not warn nor give Plaintiff notice of the dangerous conditions that caused or contributed to his injury.

57. The defendants who managed the property owed Plaintiff, as their tenant, the duty to maintain the Subject Premises and to perform repairs in a reasonable and safe manner. Defendants breached their duties by performing maintenance and/or repair work negligently and by allowing Plaintiff to be exposed to the above named defective conditions. Defendants also employed others negligently and/or had a non-delegable duty with regard to dangerous conditions created on the Subject Premises by persons employed by Defendants to perform work on the Subject Premises. Plaintiff suffered harm to his property in an amount to be determined at trial.

58. As a result of Defendants' conduct, Plaintiff suffered damages, including medical specials, emotional distress and pain and suffering, in an amount to be ascertained at trial.

59. Wherefore Plaintiff prays for the damages stated below.

## EIGHTH CAUSE OF ACTION
### RETALIATION IN VIOLATION OF CAL. CIVIL CODE SECTION 1942.5 (a) and (c)
(Plaintiffs v. All Defendants)

60. Plaintiff re-alleges and incorporates into this cause of action the allegations of paragraphs 1 through 17, as if the same were set out at length herein.

61. Plaintiff made requests for repairs and complained about habitability defects existing at the Subject Premises to Defendants and/or their agents and/or employees. Plaintiff has also consistently exercised his right to inform Defendants about the above mentioned nuisance and the above mentioned breach of Plaintiff's quiet enjoyment of the Subject Premises. Plaintiff was within his rights to make the aforementioned requests and complaints and is, and was, protected under the laws of California from being retaliated against for making said requests and complaints.

Mitchell v. Colbert, et al.
Complaint for Damages, Jury Trial Demanded -10-

Case: 19-41729    Doc# 103-2    Filed: 04/03/20    Entered: 04/03/20 15:54:26    Page 12 of 18

62. Defendants have continually denied repairs and maintenance to Plaintiff's unit and surrounding common areas, and filed unlawful detainer actions for the stated reason of retaliating against Plaintiff for engaging in the protected activity of demanding repairs.

63. Defendants violated Plaintiff's rights by harassing and intimidating Plaintiff, denying repairs and filing unlawful detainer actions against Plaintiff. Defendants' dominant motive in harassing and intimidating Plaintiff, denying repairs and/or filing unlawful detainer actions was to retaliate against Plaintiff for engaging in a protected activity.

64. Plaintiff suffered out of pocket expenses, emotional distress and other general and special damages in an amount to be proven at trial as a direct and proximate result of Defendants' retaliatory conduct.

65. Wherefore Plaintiff prays for the damages stated below.

## NINTH CAUSE OF ACTION
## NEGLIGENCE
### (Plaintiff v. All Defendants)

66. Plaintiff re-alleges and incorporates into this cause of action the allegations of paragraphs 1 through 17, as if the same were set out at length herein.

67. Defendants owed a duty of care to maintain the Subject Premises in a habitable condition pursuant to state and local codes, and not to violate Plaintiff's rights. All Defendants violated said duty, throughout their respective terms of ownership, by failing to maintain the Subject Premises by allowing mold and mildew growth, inadequate ventilation, defective heater, inadequate weatherproofing, gaps in doors and/or windows, inadequate security, defective security gate, sewage stains under bathroom sink, clogged bathtub, rust, chipping enamel, and defective caulking in bathtub, uneven flooring, cockroach infestation and other conditions to exist on the Subject Premises. Defendants also breached their duties by retaliating against for demanding that the Defendants repair the defective conditions mentioned in this paragraph.

68. Plaintiffs further allege that Defendants violated California Code Sections 1941.1 and 1942.5 in that Defendants intentionally and/or negligently failed and refused to remedy the defective, dilapidated and appalling conditions on the Subject Premises throughout Plaintiff's tenancy, and by retaliating against Plaintiff for demanding repairs.

Mitchell v. Colbert, et al.
Complaint for Damages, Jury Trial Demanded                                    -11-

Case: 19-41729    Doc# 103-2    Filed: 04/03/20    Entered: 04/03/20 15:54:26    Page 13 of 18

69. As a direct and proximate result of each Defendant's breach of their duties throughout each respective period of ownership, Plaintiff was harmed.

70. Plaintiff is in the class of persons sought to be protected by California Code Sections 1941.1, 1942.4 and 1942.5 from the type of harm that was inflicted upon Plaintiff by Defendants' breaches of said statutes. Thus Defendants' breach of the law constitutes negligence per se.

71. As a direct and proximate cause of the acts and omissions of Defendants, Plaintiff suffered damages in an amount according to proof.

72. Wherefore Plaintiff prays for the damages stated below.

### TENTH CAUSE OF ACTION
### VIOLATION OF OAKLAND ORDINANCE 8.22 et Seq.
### (Plaintiffs v. All Defendants)

73. Plaintiff re-alleges and incorporates into this cause of action the allegations of paragraphs 1 through 14 and 17, as if the same were set out at length herein.

74. As a tenant of residential property located in Oakland, California and subject to Oakland City Ordinance 8.22.300 et seq. (Hereinafter, "**Just Cause Ordinace**"), Plaintiff is entitled to bring an action against all Defendants who have violated said Ordinance to Plaintiff's detriment.

75. Oakland's Just Cause Ordinance provides safeguards for tenants in Oakland. When a landlord wrongfully endeavors to recover possession of a property in violation of the Oakland Rental Ordinance, a Plaintiff is entitled to including damages for mental and emotional distress.

76. Defendants have violated the Just Cause Ordinance by wrongfully endeavoring to recover possession of the Subject Premises by failing to make repairs to the Subject Premises, by serving Plaintiff with misleading notices, attempting to trick Plaintiff into moving out without just cause, and not advising Plaintiff of his right to contact the rent board, or advising him of the Just Cause Ordinance.

77. Plaintiff was harmed by these violations in that he suffered emotional distress, anxiety, worry, and fear of losing his home. Plaintiff has also been force to hire an attorney to

Mitchell v. Colbert, et al.
Complaint for Damages, Jury Trial Demanded                                                                       -12-

Case: 19-41729    Doc# 103-2    Filed: 04/03/20    Entered: 04/03/20 15:54:26    Page 14 of 18

enforce his rights.

78. Defendants acted in knowing violation and/or in reckless disregard of the Just Cause Eviction Ordinance by wrongfully endeavoring to recover possession of the Subject Premises justifying an award of treble damages to Plaintiff.

79. Wherefore Plaintiff prays for the damages stated below.

## ELEVENTH CAUSE OF ACTION
## VIOLATION OF OAKLAND TENANT PROTECTION ORDINANCE 8.22.600 et Seq.
### (Plaintiffs v. All Defendants)

80. Plaintiff re-alleges and incorporates into this cause of action the allegations of paragraphs 1 through 14 and 17, as if the same were set out at length herein.

81. As a tenant of residential property located in Oakland, California and subject to Oakland City Ordinance 8.22.600 et seq. (Hereinafter, "**Tenant Protection Ordinance**"), Plaintiff is entitled to bring an action against all Defendants who have violated said Tenant Protection Ordinance to Plaintiff's detriment.

82. Oakland's Tenant Protection Ordinance provides safeguards for tenants in Oakland. When a landlord wrongfully harasses tenants and/or fails to provide habitable rental units, a Plaintiff is entitled to including damages for mental and emotional distress.

83. Defendants have violated the Tenant Protection Ordinance by wrongfully endeavoring to recover possession of the Subject Premises by failing to make repairs to the Subject Premises, influencing and/or attempting to influence Plaintiff from vacating the Subject Premises, and/or substantially interfering with the Plaintiff's right to quiet use and enjoyment the Subject Premises.

84. Plaintiff was harmed by these violations in that he suffered emotional distress, anxiety, worry, and fear of losing his home. Plaintiff has also been force to hire an attorney to enforce his rights.

85. Defendants acted in knowing violation and/or in reckless disregard of the Tenant Protection Ordinance by wrongfully endeavoring to recover possession of the Subject Premises justifying an award of treble damages to Plaintiff.

86. Wherefore Plaintiff prays for the damages stated below.

Mitchell v. Colbert, et al.
Complaint for Damages, Jury Trial Demanded                                -13-

Case: 19-41729   Doc# 103-2   Filed: 04/03/20   Entered: 04/03/20 15:54:26   Page 15 of 18

## TWELFTH CAUSE OF ACTION
## UNFAIR BUSINESS PRACTICE - VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §§17200, et seq., 17500
**(Plaintiff v. All Defendants)**

87. Plaintiff re-alleges and incorporates into this cause of action the allegations of paragraphs 1 through 17, as if the same were set out at length herein

88. Plaintiff brings this cause of action on Plaintiff's own behalf, on behalf of all persons similarly situated, and on behalf of the People of the State of California.

89. By reason of Defendants' failure to comply with state and local law for the management of real property, Defendants' conduct constitutes an unfair business practice under California Business and Professions Code §17200, et seq., and Business and Professions Code §17500.

90. Plaintiff is informed and believes and thereon alleges that it is the regular practice of Defendants to intentionally disregard the rights of tenants and violate applicable laws relating to tenancies in their buildings in ways that include, but are not limited to, failing to provide quiet enjoyment, failing to abate nuisances, allowing the defects identified herein to continue to exist in the face of government notices to abate, and renting units without certificates of occupancy.

91. At all times herein relevant, Defendants were conducting business under the laws of the State of California, the County of Alameda, and the City of Oakland. In conducting said business, Defendants were obligated to comply with the laws of the State of California, the County of Alameda, and the City of Oakland.

92. As a direct and proximate result of Defendants' conduct, Defendants have accrued unjust enrichment.

93. Wherefore Plaintiff prays for the damages below.

## THIRTEENTH CAUSE OF ACTION
## RETALIATORY EVICTION
**(Plaintiff v. All Defendants)**

94. Plaintiff re-alleges and incorporates into this cause of action the allegations of paragraphs 1 through 17, as if the same were set out at length herein.

95. Plaintiff made requests for repairs and complained about habitability defects existing at the Subject Premises to Defendants and/or their agents and/or employees. Plaintiff

Mitchell v. Colbert, et al.
Complaint for Damages, Jury Trial Demanded
-14-

Case: 19-41729   Doc# 103-2   Filed: 04/03/20   Entered: 04/03/20 15:54:26   Page 16 of 18

has also consistently exercised his right to inform Defendants about the above mentioned nuisance and the above mentioned breach of Plaintiff's quiet enjoyment of the Subject Premises. Plaintiff was within his rights to make the aforementioned requests and complaints and is, and was, protected under the laws of California from being retaliated against for making said requests and complaints.

96. Within 180 days of Plaintiff's above exercises of his rights, Defendants filed an Unlawful Detainer action against Plaintiff. Defendants' dominant motive in filing this Unlawful Detainer action was to retaliate against Plaintiff for engaging in protected activity and lawfully exercising Plaintiff's rights.

97. Plaintiff suffered out of pocket expenses, emotional distress and other general and special damages in an amount to be proven at trial as a direct and proximate result of Defendants' retaliatory conduct.

98. Wherefore Plaintiff prays for the damages below.

## CLAIM FOR EXEMPLARY DAMAGES
(Plaintiff v. All Defendants)

99. Plaintiff re-alleges and incorporates into this cause of action the allegations of paragraphs 1 through 65 and 73 through 98, as if the same were set out at length herein.

100. Defendants intentionally violated Plaintiff's rights and retaliated against Plaintiff for enforcing his rights as a tenant.

101. Defendants actions were willful and done in conscious disregard of Plaintiff's rights. Such willful and conscious disregard for Plaintiff's rights justifies an award of punitive damages as such conduct was oppressive and malicious as defined by Civil Code 3294. The willful failure and refusal to repair longstanding defects existing in Plaintiffs unit also merits an award of substantial punitive damages against all Defendants. Defendants knew or should have known that their intentional failure to maintain and repair the Subject Premises posed a substantial risk of harm to Plaintiff. Defendants' actions arose to despicable conduct carried out by defendant with willful and conscious disregard of the consumer and tenant rights and safety of others including Plaintiff.

Mitchell v. Colbert, et al.
Complaint for Damages, Jury Trial Demanded -15-

Case: 19-41729    Doc# 103-2    Filed: 04/03/20    Entered: 04/03/20 15:54:26    Page 17 of 18

## PRAYER

WHEREFORE Plaintiff prays for judgment as follows as to all Defendants:

A. For general damages in the amount of $100,000.00, or according to proof, for each cause of action;

B. For special damages including property damage and loss in the amount of $100,000.00, or according to proof, for each cause of action;

C. For punitive and exemplary damages according to statute and according to proof, to be determined at trial;

D. For statutory damages of $5,000.00 for each violation of Civil Code § 1942.4 and $2,000 per violation of Civil Code Section 1942.5;

E. For compensatory damages for losses resulting from humiliation, mental anguish, frustration, annoyance and emotional distress in the amount of $100,000.00, or according to proof;

F. For incidental expenses, past, present and future,

G. For interest on the amount of losses incurred at the prevailing legal rate;

H. For attorney's fees according to contract and statute, in the amount of $100,000.00, pursuant to Civil Code §1942.4, §1942.5(g), O.M.C. Chapter 8.22.670 (D) and CCP §1021.5;

I. For costs of suit incurred herein;

J. For pre-judgment interest;

K. For statutory penalties;

L. For such other and further relief which this Court deems just and proper.

Dated: October 31, 2017

LAW OFFICES OF ANDREW WOLFF, PC

_____
ANDREW WOLFF, ESQ.
Attorney for Plaintiff
CLEVELAND MITCHELL

Mitchell v. Colbert, et al.
Complaint for Damages, Jury Trial Demanded

-16-

Case: 19-41729    Doc# 103-2    Filed: 04/03/20    Entered: 04/03/20 15:54:26    Page 18 of 18