Marc Voisenat (CSB# 170935)
2329A Eagle Avenue
Alameda, Ca 94501
Tel: (510) 263-8664
Fax: (510) 272-9158

Attorney for Debtor-In-Possession
Sonja Nicolle Colbert

# United States Bankruptcy Court

# Northern District of California

| | |
|---|---|
| In re:<br><br>Sonja Nicolle Colbert<br><br>        Debtor-In-Possession. | Case No.: 19-41729<br><br>Chapter 11<br><br>**OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>Date: April 24, 2020<br>Time: 10:00 a.m.<br>Crtrm: 215 |

1. **Relevant Facts:**

On July 30, 2019 the debtor filed the above chapter 11 case. Notice of the filing was given to the Law Office of Andrew Wolf on July 31, 2019. Mr. Wolf represents the movants herein in all the state court matter. (RJN 4)

Notwithstanding notice of the bankruptcy filing, on August 20, 2019 Mr. Wolf filed a complaint on behalf of Tisha. Rose styled Rose v. Colbert, RG19032153 in the Alameda County Superior Court.

On September 3, 2019 Mr. Wolf filed a complaint on behalf of Susan Cazares Ms. Rose styled Rose v. Colbert, RG19033658 in the Alameda County Superior Court.

On September 24, 2019, debtor's counsel contacted Mr. Wolf to once again advise of the debtor's bankruptcy filing. On September 26, 2019, the debtor was dismissed from both the Rose and Cazares complaints. (RJN 2 and 3)

On July 30, 2019, Mr. Wolf on behalf of Cleveland Mitchell filed in the State Court a Request for A Court Judgment. The State Court did not grant this request and on the Judge's own motion, the underlying default was vacated on February 14, 2020. (RJN 1)

2. **Argument:**

    a. **Standards for Stay Relief**

The Bankruptcy Code provides a procedure by which a creditor can seek relief from the continuation of the stay against his claim under 11 U.S.C. § 362(d). The party seeking to lift the automatic stay has the burden of establishing a prima facie case that "cause" exists for relief under § 362(d)(1). In re Landmark Fence Co., No. CV 11-00934 AHM, 2011 U.S. Dist. LEXIS 150928, at 10 (C.D. Cal. Dec. 9, 2011). Section 362(d) states:

> "(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
> 
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest …" §362(d)(1)

In this case, movants have filed proofs of claims listing themselves as unsecured creditors. (See Claims 2,6 and7). Only in extraordinary circumstances will an unsecured creditor be granted relief from the stay. In re R.F. Cunningham & Co., 355 B.R. 408, 412 (Bankr. E.D.N.Y. 2006).

    b. **The Bankruptcy Court Can Determine the Amount of the Claim**

The filing of a proof of claim must be considered in determining whether cause exists for lifting the automatic stay. Benedor Corp. v. Conejo Enters. (In re Conejo Enters.), 96 F.3d 346,

353 (9th Cir. 1996). The allowance and disallowance of claims against the estate is a core proceeding. 28 U.S.C. § 157(b)(2)(B). Id. Once the movants filed their proof of claim they subjected their claim to the core jurisdiction of the bankruptcy court. Id. On April 20, 2020, the debtor filed an objection to claims 2, 6 and 7.

In this case the movants had a choice. Movants could have foregone the filing of a proof of claim and file a motion for relief from the automatic stay and/or a motion to annul the automatic stay to allow their state court action to proceed. However, movants elected to subject themselves to the jurisdiction of the bankruptcy court by filing their proof of claims. The allowance or disallowance of those claims are pending before this Court.

Movant has not provided any explanation why they waited over eight months to request relief from the automatic stay, nor did their request include an annulment for the two lawsuits that were filed after the above bankruptcy case was filed.

    c. **Cause Does Not Exist to Grant Relief from Stay to Pursue State Court Litigation**

As stated above, a creditor may move for relief from automatic stay under 11 U.S.C. § 362(d), which provides that a bankruptcy court "shall grant relief from the stay" upon a showing of "cause." Movant cites In re Aquarius Disk Services, Inc., 254 B.R. 253 (N.D. Cal. 2000). That case is readily distinguishable from the current case. In Aquarius, the bankruptcy court found that an attachment lienholder may obtain relief from the automatic stay, if cause exists, to perfect the lien by proceeding in state court and obtaining a judgment against the debtor. The case involved the failure of Aquarius Disk Services ("Aquarius") to make lease payments on commercial real property to the Don and Lenne Carr. The Carrs sought damages in the amount of $1,500,000 against Aquarius for breach of contract and fraud. The Carrs filed an ex parte application for writ of attachment against Aquarius and obtained an attachment lien on all of Aquarius' equipment, inventory, and accounts receivable. The sheriff's department levied on deposited funds totaling $55,092.30. Aquarius filed for Chapter 7 bankruptcy, and the Carrs were

precluded by the automatic stay from proceeding with the state court action. The Sheriff turned the proceeds from the Carrs' attachment over to the Chapter 7 Trustee. As a result, the Carrs were left with a potential unsecured claim and were required to perfect their attachment lien to have an enforceable secured claim in the bankruptcy case.

Accordingly, the Carrs moved the bankruptcy court for relief from the automatic stay to enable them to proceed in state court to perfect their attachment lien. California law requires a judgment for perfection. <u>Diamant v. Kasparian (In re Southern Cal. Plastics, Inc.)</u>, 165 F.3d 1243, 1247, 1999 U.S. App. LEXIS 624, 12, 99 Cal. Daily Op. Service 530, 33 Bankr. Ct. Dec. 1011, Bankr. L. Rep. (CCH) P77,883, 99 Daily Journal DAR 635 (9th Cir. January 20, 1999).

The Bankruptcy Appellate Panel (BAP) has also held that a California attachment lien creditor has a right to relief from the automatic stay to perfect its lien in state court. <u>First Fed. Bank v. Robbins (In re Robbins)</u>, 310 B.R. 626 (B.A.P. 9th Cir. 2004), However, the BAP noted that requiring stay relief in order to litigate in state court undermines the bankruptcy court's role in determining claims against the estate and is counter to numerous established objectives of the automatic stay including the maintaining of the status quo and avoiding litigation in different forums. <u>Id</u>. at 629.

<u>Aquarius</u> was decided in the context of a chapter 7 proceeding wherein the creditor sought to perfect its secured interest to defeat the chapter 7 trustee's avoidance powers. In contrast, this is a chapter 11 proceeding and the movants do not have an attachment lien or a judgment.

The Court should consider twelve in deciding whether there is "cause" to lift an automatic stay. (1) Whether the relief will result in a partial or complete resolution of the issues. (2) The lack of any connection with or interference with the bankruptcy case. (3) Whether the foreign proceeding involves the debtor as a fiduciary. (4) Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise

to hear such cases.  (5) Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation (6) Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question. (7) Whether the litigation in another forum would prejudice the interests of other creditors, the creditor's committee and other interested parties.  (8) Whether the judgment claim arising from the foreign action is subject to equitable subordination.  (9) Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f). (10) The interests of judicial economy and the expeditious and economical determination of litigation for the parties.  (11) Whether the foreign proceedings have progressed to the point where the parties are prepared for trial, and (12) The impact of the stay and the "balance of hurt." In re Landmark Fence Co., 2011 U.S. Dist. LEXIS 150928, *9, 2011 WL 6826253 (C.D. Cal. December 9, 2011).

Applying those factors, 1) Relief will not result in either partial or complete resolution any time soon.  The debtor currently is not a party to the Tisha Rose or Susan Cazares case nor has the debtor filed a response in the Cleveland Mitchell case. 2)  The administration of the case will be delayed pending resolution of the claims in the State Court.  Further, the State Court is currently closed and there is no indication when the State Court will reopen.  3) There are no allegations that the debtor was sued as a fiduciary.  4)  The State Court is a Court of general jurisdiction.  5) There is no evidence by the moving party that debtor's insurer has assumed full financial responsibility.  6)  There is no evidence that the litigation involves third parties.  7)  If administration of claims is delayed there would be prejudice to the other unsecured creditors.  8) There is no evidence that the claim would be subject to equitable subordination.  9)  Any judgment would not result in a judicial lien.  10)  Judicial economy is better served in the bankruptcy court.  As state court resolution could take years while a claims allowance procedure

could be completed much earlier. 11) None of the state court cases are anywhere near a trial date. 12) In this case, the "balance of hurt" is probably equal.

2. **Conclusion**

The movants have not met their burden to establish cause. They chose to participate in the bankruptcy process by filing proofs of claims. In two of the state court cases, the debtor is not even a party to the state court action and in the other case, the debtor has not even filed a response to the complaint. The most expeditious way to resolve these claims is in this Court by either a claims allowance procedure or adversary proceeding.

Wherefore, debtor prays the Court deny the request for relief from the automatic stay.

Dated: April 20, 2020

                                              /s/ Marc Voisenat
                                              Marc Voisenat, Attorney
                                              for Debtor-In-Possession