Christopher M. McDermott (SBN 253411)
cmcdermott@aldridgepite.com
Eddie R. Jimenez (SBN 231239)
ejimenez@aldridgepite.com
**ALDRIDGE PITE, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933A
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for
JPMorgan Chase Bank, National Association

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>SONJA NICOLLE COLBERT<br><br>aka SONJA N. COLBERT<br>aka SONJA COLBERT<br><br>Debtor. | Case No. 19-41729<br><br>Chapter 11<br><br>**MOTION FOR APPROVAL OF STIPULATION RE: TREATMENT OF CLAIM IN DEBTOR'S CHAPTER 11 PLAN OR REORGANIZATION**<br><br>**SUBJECT PROPERTY:**<br>1451 Drake Way<br>San Pablo, California 94806-4124<br><br>Date: November 13, 2020<br>Time: 10:00 a.m.<br>Ctrm: Telephone/Videoconference<br>Judge: Hon. Charles Novack |

    JPMorgan Chase Bank, National Association ("Chase"), by and through its attorney of record Aldridge Pite, LLP, hereby moves the Court for an order approving the Stipulation Re: Treatment of Claim Under Debtors' Chapter 11 Plan of Reorganization (the "Stipulation"), attached hereto as **Exhibit 1**, entered into by and between Sonja Nicolle Colbert ("Debtor") by and through her attorney of record, and Chase, by and through its attorneys of record (collectively, the "Parties").

    This motion is filed pursuant to Federal Rule of Bankruptcy Procedure 4001(d)(1) and Local Bankruptcy Rule 9014-1. The motion is supported by the memorandum of points and authorities

and Stipulation attached hereto and filed herewith.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. BACKGROUND

**A. LOAN HISTORY**

On or about May 24, 2005, Debtor obtained a mortgage loan (the "Loan" or "Claim") from Washington Mutual Bank, FA ("Lender") in the original principal amount of $195,000.00, which was reflected in a promissory note secured by a deed of trust (the "Deed of Trust") encumbering the real property located at 1451 Drake Way, San Pablo, CA 94806-4124 ("Property") and executed by Debtor. Subsequently, all interest in the Loan was transferred to Chase.

**B. THE BANKRUPTCY CASE**

On July 30, 2019, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Northern District of California – Oakland Division and was assigned bankruptcy case no. 19-41729.

On November 11, 2019, Chase filed a secured Proof of Claim against Debtor's bankruptcy estate reflecting a secured claim in the amount of $144,662.28 and prepetition arrears in the amount of $259.77 (the "Proof of Claim").

On or about October 10, 2020, the Parties entered into the Stipulation. A copy of the Stipulation is attached hereto as **Exhibit 1** and incorporated herein by reference.

## II. ANALYSIS

**A. THE PARTIES HAVE REACHED AN AGREEMENT REGARDING ADEQUATE PROTECTION AND THE TREATMENT OF CHASE'S CLAIM IN THE DEBTOR'S PLAN**

**1. Legal Standard.**

Pursuant to Rule 4001(d)(1)(A)(i) & (iii) of the Federal Rules of Bankruptcy Procedure, a party may file a motion seeking approval of an agreement relating to provide adequate protection and modifying the automatic stay. Fed. R. Bankr. P. 4001(d)(1)(A)(i) & (iii). A motion brought pursuant to Rule 4001(d) must contain "a concise statement of the relief requested…that lists or summarizes, and sets out the location within the relevant documents of, all material provisions of the agreement." Fed. R. Bankr. P. 4001(d)(1)(B). Rule 4001(d) operates to protect the interest of

the creditor who may be adversely affected by an undisclosed agreement by requiring notice to parties who may have an interest in, or be affected by, such an agreement. *In re Manchester Ctr.*, 123 B.R. 378, 381 (Bankr. C.D. Cal. 1991)(citation omitted).

**2.  Relief Requested.**

By this motion, the Parties seek the Court's approval of the Stipulation.

**3.  Material Provisions.**

The Stipulation contains the following material provisions:

a. <u>Debtor Shall Commence Adequate Protection Payments to Chase</u>

- Debtor shall tender monthly payments in the sum of **$1,447.36** to Chase commencing **August 1, 2020**, and continuing on the first day of each month thereafter. The Loan shall remain escrowed for taxes and insurance. (*See* Stipulation, ¶1).

b. <u>The Treatment of Chase's Claim in the Debtor's Plan</u>

- Chase's Claim shall be unmodified by Debtors' Plan. Chase's Claim shall be impaired in the Plan only to the extent the Debtor is curing any arrears through her Plan. Debtor was current under the terms of the Loan as of August 28, 2020. (*See* Stipulation, ¶¶'s 2 and 3).

c. <u>Chase's Default Remedies Pre-Confirmation</u>

- In the event of any future default on any of the above-described provisions, <u>prior to confirmation</u> of the Debtor's Chapter 11 Plan, Chase shall provide written notice via first class mail to Debtor and Debtor's attorney, indicating the nature of default. The written notice shall provide the Debtor with an opportunity to cure the default within thirty (30) calendar days from the date said written notice is placed in the mail (the "<u>Cure Period</u>"). If Debtor fails to cure the default amount and all subsequent payments due prior to the expiration of the Cure Period, then the Automatic Stay shall terminate and Chase may proceed to foreclose its security interest in the Property under the terms of the Note and Deed of Trust and pursuant to applicable state law and thereafter commence any

action necessary to obtain complete possession of the Property without further notice, order, or proceeding of this Court. (*See* Stipulation, ¶4).

    d. <u>Chase's Default Remedies Post-Confirmation</u>

- The automatic stay of 11 U.S.C. § 362 shall terminate upon confirmation of the Plan. In the event of a post-confirmation default under this Stipulation, Chase shall be permitted to proceed with its rights against the Property in accordance with applicable state law and the terms of the Note and Deed of Trust. (*See* Stipulation, ¶5).

### III.   CONCLUSION

For the reasons set forth herein, Chase requests an order approving the Stipulation.

**WHEREFORE**, Chase respectfully prays for:

1. An order granting this motion and approving the Stipulation; and
2. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

**ALDRIDGE PITE LLP**

Dated: October 15, 2020

/s/ *Christopher M. McDermott*
Christopher M. McDermott
Attorney for JPMorgan Chase Bank, National Association

# EXHIBIT 1

Case: 19-41729   Doc# 185   Filed: 10/16/20   Entered: 10/16/20 12:22:37   Page 5 of 9

Christopher M. McDermott (SBN 253411)
cmcdermott@aldridgepite.com
Eddie R. Jimenez (SBN 231239)
ejimenez@aldridgepite.com
**ALDRIDGE PITE, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933A
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for
JPMorgan Chase Bank, National Association

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>SONJA NICOLLE COLBERT<br><br>aka SONJA N. COLBERT<br>aka SONJA COLBERT<br><br>Debtor(s). | Case No. 19-41729<br><br>Chapter 11<br><br>**STIPULATION RE: TREATMENT OF CLAIM IN DEBTOR'S CHAPTER 11 PLAN** |

     This Stipulation Re: Treatment of Claim in Debtor's Chapter 11 Plan ("Stipulation") is entered into by and between JPMorgan Chase Bank, National Association ("Chase") by and through its attorneys of record, and Debtor, Sonja Nicolle Colbert (the "Debtor"), by and through her attorney of record (collectively, the "Parties").

### I.    STATEMENT OF FACTS

**A.   LOAN HISTORY**

     On or about May 24, 2005, Debtor obtained a mortgage loan (the "Loan" or "Claim") from Washington Mutual Bank, FA ("Lender") in the original principal amount of $195,000.00, which was reflected in a promissory note secured by a deed of trust (the "Deed of Trust") encumbering

- 1 -       CASE NO. 19-41729
**STIPULATION RE: TREATMENT OF CLAIM IN DEBTOR'S CHAPTER 11 PLAN**
Case: 19-41729   Doc# 185   Filed: 10/16/20   Entered: 10/16/20 12:22:37   Page 6 of 9

Exhibit 1

the real property located at 1451 Drake Way, San Pablo, CA 94806-4124 ("Property") and executed by Debtor. Subsequently, all interest in the Loan was transferred to Chase.

B. THE BANKRUPTCY FILINGS

On July 30, 2019, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Northern District of California – Oakland Division and was assigned bankruptcy case no. 19-41729.

On November 11, 2019, Chase filed a secured Proof of Claim against Debtor's bankruptcy estate reflecting a secured claim in the amount of $144,662.28 and prepetition arrears in the amount of $259.77 (the "Proof of Claim").

On March 6, 2020, Debtor filed her Combined Plan of Reorganization and Disclosure Statement ("Plan") providing for the Loan as Class 1C and proposing to continue to tender all ongoing payments to Chase and cure all pre-confirmation arrears estimated at $259.77 in a lump sum on the Plan's effective date.

**THE PARTIES HEREBY AGREE AND STIPULATE AS FOLLOWS:**

1. The Debtor shall tender ongoing regular monthly payments on the Loan in the amount of $1,447.36 commencing August 1, 2020, and continuing on the first day of each month thereafter until the Loan is paid in full. The Loan shall remain escrowed for taxes and insurance for the Property. The payment amount is subject to change pursuant to the terms of the Note and Deed of Trust.

2. As of August 28, 2020, Debtor was current under the terms of the Loan.

3. The Loan shall be impaired in the Plan only to the extent the Debtor is curing any arrears through her Plan. Unless expressly modified by this Stipulation, the terms of the Note and Deed of Trust shall remain in full force and effect.

4. In the event of any future default on any of the above-described provisions, prior to confirmation of the Debtor's Chapter 11 Plan, Chase shall provide written notice via first class mail to Debtor and Debtor's attorney, indicating the nature of default. The written notice shall provide the Debtor with an opportunity to cure the default within thirty (30) calendar days from the date said written notice is placed in the mail (the "Cure Period"). If Debtor fails to cure the

default amount and all subsequent payments due prior to the expiration of the Cure Period, then the Automatic Stay shall terminate and Chase may proceed to foreclose its security interest in the Property under the terms of the Note and Deed of Trust and pursuant to applicable state law and thereafter commence any action necessary to obtain complete possession of the Property without further notice, order, or proceeding of this Court.

5. The automatic stay of 11 U.S.C. § 362 shall terminate upon confirmation of the Plan. In the event of a post-confirmation default under this Stipulation, Chase shall be permitted to proceed with its rights against the Property in accordance with applicable state law and the terms of the Note and Deed of Trust. Provision 4 of this Stipulation shall not be applicable to a post-confirmation default.

6. The acceptance by Chase of a late or partial payment shall not act as a waiver of Chase's rights to proceed hereunder.

7. Debtor shall file a Chapter 11 Plan and/or Confirmation Order that incorporates this Stipulation into the Debtors' Plan. Failure to adhere to this obligation constitutes a default under this Stipulation subject to the default notice of provision 4.

8. In the event the Debtor's case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code prior to completion of the Debtor's Chapter 11 Plan, receipt of a discharge, and entry of a final decree, the automatic stay shall terminate and the terms of this Stipulation shall be null and void.

9. Chase shall cast a ballot voting in favor of Debtor's Plan.

/././
/././
/././
/././
/././
/././
/././
/././

- 3 -    CASE NO. 19-41729
**STIPULATION RE: TREATMENT OF CLAIM IN DEBTOR'S CHAPTER 11 PLAN**
Case: 19-41729    Doc# 185    Filed: 10/16/20    Entered: 10/16/20 12:22:37    Page 8 of 9

Exhibit 1

IT IS SO STIPULATED:

LAW OFFICES OF MARC VOISENAT

Dated: 10/10/20

/s/ Marc Voisenat
Marc Voisenat
Attorney for Debtor

ALDRIDGE | PITE, LLP

Dated: 10/10/2020

/s/ Christopher M. McDermott
Christopher M. McDermott
Attorney for JPMorgan Chase Bank, National Association

Exhibit 1