Marc Voisenat (CSB# 170935)
2329A Eagle Avenue
Alameda, Ca 94501
Tel: (510) 263-8664
Fax: (510) 272-9158

Attorney for Debtor-In-Possession
Sonja Nicolle Colbert

**United States Bankruptcy Court**

**Northern District of California**

| | |
|---|---|
| In re: | Case No.: 19-41729CN |
| Sonja Nicolle Colbert | Chapter 11 |
| Debtor-In-Possession. | **OPPOSITION TO MITCHELL'S MOTION FOR ATTORNEY FEES AS PREVAILING PARTY ON CLAIM OBJECTION** |
| | **[FRCP 54, FRBP 7054, 9014]** |
| | Date: October 7, 2022
Time: 11:00 a.m.
Crtrm: Teleconference/video |

i

Table of Contents

I. Introduction .................................................................................................................. 1

II. Legal Argument: ......................................................................................................... 1

   A. The Court Should Deny Mitchell's Motion Because As a Practical Matter Colbert Obtained Judgment In her Favor as a Result of Her Rule 52 Motion and on A Practical Level She Prevailed Under the Second Judgment Because the Amount of Liability Colbert Avoided Exceeded the Amount Mitchell Recovered ................................................................... 1

   B. The Court Should Deny Mitchell's Motion, or Substantially Reduce Any Award Because the Majority of Time Spent was Excessive, Duplicative and Unnecessary ................................ 3

   C. Mitchell's Fee Request Should Be Reduced on Account of Counsel's Impermissible "Block Billing" .................................................................................................................. 4

   D. The Claims Are Not Interrelated as they Are Distinct in Applicable Statute, Law and Facts as Evidence by the Court's Finding ........................................................................ 7

   E. The Court Should Deny Mitchell's Request for a 1.5 Multiplier to $187,500 Because There's No Evidence Counsel Lost Work Given the COVID-19 Moratorium on Evictions and No Evidence of an "Excellent Result" .............................................................................. 8

III. Conclusion .................................................................................................................. 8

Table of Authorities

**CASES**

Bell v. Vista United School Dist. (2000) 82 Cal.App.4th 672.................................................................. 7

Chavez v. City of Los Angeles (2010) 47 Cal.4th 970 ........................................................................... 3

Heritage Pacific Financial, LLC v. Monroy, 215 Cal.App.4th 972............................................... 6

In re Marriage of Nassimi 3 Cal.App. 5th 667 (2016)................................................................. 5

In re Tom Carter Enterprises, Inc ................................................................................................ 4

Meister v. Regents of Univ. of Cal. (1998) 67 Cal.App.4th 437, ................................................. 3

Serrano v. Unruh (Serrano IV) (1982) 32 Cal. 621 .................................................................... 3, 4

Welch v. Metropolitan Life Ins. Co. (9th Cir. 2007) 480 F.3d 942, 948 ...................................... 6

**STATUTES**

§1942.5(g) ................................................................................................................................... 1

## I. Introduction

Debtor, Sonja Colbert's (hereinafter "Colbert") hereby opposes Mitchell's motion for attorney fees under §1942.5(g) and requests the Court deny Mitchell's requests in its entirety. Alternatively, if the court is inclined to grant an award of fees, Colbert request the court exercise its "equitable discretion" to significantly reduce Mitchell's requested award.

Mitchell is not entitled to all the fees he seeks. His attorney seeks a staggering $125,000 in lodestar fees with a multiplier of 1.5 for a total fee award of $187,500. Mitchell seeks fees even though he lost all causes of action, except one half of a cause of action and was awarded only .01% of damages he sought by recovering $15,000.

## II. Legal Argument:

### A. The Court Should Deny Mitchell's Motion Because As a Practical Matter Colbert Obtained Judgment In her Favor as a Result of Her Rule 52 Motion and on A Practical Level She Prevailed Under the Second Judgment Because the Amount of Liability Colbert Avoided Exceeded the Amount Mitchell Recovered

As reflected in the tables below, Colbert was the prevailing party with both the factual determinations in her favor and the net monetary gain. Mitchell misrepresented substantial material facts in his Complaint attached to his Proof of Claim. For example, while his counsel represents his expertise in the HAP program to justify his astronomical hourly rate, he failed to disclose that the transaction at the core of Mitchell's claim and complaint, was the HAP contract which had superior and controlling term imposing obligations on both Colbert and Mitchell. Further, in an apparent cover-up, Mitchell falsely represented he made written complaints to Colbert when in fact it was the HAP/OHA program routine inspections when repair concerns emerged. Further, these same records showed that Colbert promptly cured any issues, which is why HAP/OHA voucher payments for Mitchell continued. It was because of this deliberate cover-up, that Colbert's counsel had to propounded discovery and make motions to tease out the factual basis of Mitchell's claim. Mitchell also falsely claimed Colbert had been violating his

1

rights since 2014 when his tenancy began through 2017when he vacated. Doc #396 2:13-18, 3:20- 23. The Court found that Colbert's witness. Randy Hall was credible and defeated Mitchell's claims. Doc #396 3:23-25 – 4: 1-8. In the end, Mitchell did not have a factual basis for his claims relating to 2014, 2015, and most of 2016, and 2017. Mitchell lost 13.5 out of 14 claims.

Despite this loss, Mitchell asserts he is the prevailing party. In support of his motion is the Declaration of Tony Ruch. The Law Office of Andrew Wolff, Mr. Ruch's law firm, filed a substitution of attorney in this case on August 18, 2020. There are no other declarations in support of fees. Therefore, any fees requested prior to that date should be denied. As for Mr. Ruch's declaration, it fails to support Mitchell's contentions that the requested fees are warranted under the facts of law. There are only seven very short paragraphs related to this matter, none of which attempt to justify the $187,500 sought. Here is all the evidence presented, other than an "accounting" of hours, which is addressed in section B1 below.

Paragraph 2 – sets forth a contingency fee existed between Mitchell and his counsel.

Paragraph 3-5 – merely recited the chronology of the Proofs of Claims filed for Mitchell.

Paragraph 6-7 merely recite the court's final ruling and order, (though the Rule 52 Partial Judgment in Colbert's favor eliminated 7 out of 13 causes of action was not discussed.) That's it. There is no discussion in his declaration setting forth what actions were taken and why they were necessary. Yet, the motion for attorney fees seeks an astounding $187,5000 for the $15,000 in emotional distress damages recovered by Mitchell.

Further, Mitchell asserts that he achieved his objective "by being vindicated that Colbert retaliated against him during his tenancy". Doc #418 19-20. However, his demand was substantially different as admitted the Proof of Claim sought $250,000. The prayer in Mitchell's Complaint sought

  General Damages - $100,000

Special Damages, including property damage $100,000

Punitive Damages

Statutory Damages at $5,000 per each violation of §1942.4 and

$2,000 per violation of Civil Code Section §1942.5

Compensatory Damages for humiliation, mental anguish, emotional distress in the amount of $100,000.

Incidental expenses

Attorney Fees in the amount of $100,000

Interest, costs and statutory penalties.

Mitchell contended these damages commenced in 2014 through 2017 when he vacated. Yet, he prevailed on a single notice posted by Colbert in 2016. It cannot be said that Mitchel achieved his objective, and his motion must be denied.

**B.    The Court Should Deny Mitchell's Motion, or Substantially Reduce Any Award Because the Majority of Time Spent was Excessive, Duplicative and Unnecessary**

The court may deny a fee request outright if it appears that he requested fee is unreasonable and inflated. See <u>Serrano v. Unruh</u> (Serrano IV) (1982) 32 Cal. 621, 635; <u>Meister v. Regents of Univ. of Cal.</u> (1998) 67 Cal.App.4th 437, 447-448; <u>Chavez v. City of Los Angeles</u> (2010) 47 Cal.4th 970.  In Serrano IV, the California Supreme Court saw the importance of reducing awards to counsel who unreasonably inflate their fees. They said:

"If…the Court were required to award a reasonable fee when an outrageously unreasonable one has been asked for, claimants would be encouraged to make unreasonable demands, knowing that the only unfavorable consequence of such misconduct would be a reduction of their fee to what they should have asked for in the first place." Serrano IV supr. 32 Cal.3d at 635

Here, counsel seeks reimbursement for 250 hours of professional work in this case at $500.00 per hour for a total of $125,000.00.  As set forth herein, Mitchell only prevailed on ½ of 1 of 14 claims for relief. The only basis for attorney fees is statutory under §1942.5 since the

3

contract between Mitchell and Colbert did not contain an attorney fees provision. Mitchell's counsel declares that he has substantial experience in landlord tenant litigation but did not set up the billing to parse out the claims with recoverable attorney fees since it was clear from the beginning this case only had potential for statutory attorney fees, if any. Instead, the billing is so blocked there are even multiple dates per entry on Exhibit A. Mitchell makes no attempt to assist the court in parsing out which time was spent on recoverable statutory claims.

For example, Mitchell seeks 16.6 hours on drafting the trial brief, exhibit list, and RJN on November 22-23, 2021. The 15 page trial brief has 2 sentences that related to the prevailing claim for retaliatory eviction arising from the 3 day notice. Trial Brief, page 9 10-13

Also, Mitchell does not provide authority for recovering fees on fees. Mitchell seeks 11 hours for the motion for attorney fees. Even so, they motion seeks recovery of all fees and time cannot be awarded on the non-prevailing part of the statutory claim if at all.

### C. Mitchell's Fee Request Should Be Reduced on Account of Counsel's Impermissible "Block Billing"

The term block billing refers to the time keeping method by which each lawyer enters that total daily time spent working on a case rather than itemizing the time expended on specific tasks. In re Tom Carter Enterprises, Inc. (Bankr. C.D. Cal. 1985) 55 B.R. 548, 550. Rather than breaking out the time spent on each function on a daily basis, counsel has one charge for each day and then indicates all the services rendered during that day. Id. In addition multiple entries referred to work on the "summary judgment" motion without distinguishing between opposing for or preparing or the nature that related to compensable statutory basis. Similarly references to work on "discovery" seldom indicate whether the discovery pertained to Mitchell claims, Colbert claims or both. see In re Marriage of Nassimi 3 Cal.App. 5th 667 (2016).

The Exhibit A attached to Mitchell's motion is replete with block billing. The blocking is so extensive, even the dates run together making it difficult to discern what is claimed on a

particular date. The following are examples of the block billing and the amount related to that block billing which is not a complete list.

| Date | Description | Hours | Amount |
|---|---|---|---|
| September 17, 2020 | Interrogatories | **5.1** | **$2,550.00** |
| October 5, 2020 | Prepare for Colbert Deposition | **6.1** | **$3,050.00** |
| January 16, 2021 | Draft Notice of motion, declaration and Points and Authorities re Colberts objection To second amended Proof of Claim | **8.5** | **$4,250.00** |
| February 5, 2021 | Edit, revise, finalize declaration and Points and Authorities re Colberts objection To second amended Proof of Claim | **4.4.** | **$2,200.00** |
| March 16, 2021 | Review Colbert's opposition to Points and Authorities re Colberts objection To second amended Proof of Claim And draft reply | **7.1** | **$3,500.00** |
| July 7, 2021 | Draft Settlement Conference Statement | **7.4** | **$3,700.00** |
| September 20, 2021 | Draft opposition to motion for summary Adjudication re anti-SLAPP and Litigation privilege | **9.5** | **$4,750.00** |
| September 21, 2021 | Continue to Draft opposition to motion for summary Adjudication re anti-SLAPP and Litigation privilege | **10.5** | **$5,250.00** |
| October 18, 2021 | Compile trial exhibits and start to prepare Mitchell direct for trial | **8.5** | **$4,250.00** |
| (Same day) | Review defendants exhibits for stipulation | | |

|  |  |  |  |
|---|---|---|---|
|  | Purposes, revise pretrial order to reflect the same | | |
|  | And continue to prepare for trial | **7.5** | **$3,750.00** |
| December 10, 2021 | Review Colbert's 22 page directed | | |
|  | Verdict motion and began to draft | | |
|  | opposition to same | **9.1** | **$4,550** |
| December 10, 2021 | Continue to draft opposition | | |
|  | To directed verdict | **5.9** | **$2,950.00** |
| April 28, 2022 | Draft closing brief | **9.0** | **$4,500.00** |

Block billing presents a particular problem for a court seeking to allocate between reimbursable and non-reimbursable fees, and trial courts are granted discretion "to penalize block billing when the practice prevents them from discerning which tasks are compensable and which are not." Heritage Pacific Financial, LLC v. Monroy, 215 Cal.App.4th 972 at p. 1010; accord Welch v. Metropolitan Life Ins. Co. (9th Cir. 2007) 480 F.3d 942, 948 [The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked.] Thus, in this case, the court may find that Mitchell failed to carry his burden because block billing makes it more difficult to determine how much time was spent on the single sub paragraph of the statute upon which he prevailed, while Colbert prevailed on the other subparagraph of the same statue, and the entire rest of the 13 causes of action and exemplary damage claim. Here, even taking a sample of the block billing totals $49,250.00. Therefore, the court should deny the fees as a consequence of Mitchell's impermissible block billing which prevents Colbert and the Court from reviewing reimbursable fees from non-reimbursable fees.

### D. The Claims Are Not Interrelated as they Are Distinct in Applicable Statute, Law and Facts as Evidence by the Court's Finding

Mitchell knew or should have known that neither party would be entitled to recover contractual attorney fees based on the party's underlying contract. Thus, the billing could have been set up to only bill for the statutory attorney fee claims.

Mitchell contends he should be awarded for all attorney fees requested even though he lost on 13.5 of the 14 claims for relief. #418 5-6  He argues, "Given the relief awarded Mitchell, Colbert's unsavory course of conduct against Mitchell, and because the factual and legal issues are so interrelated given the causes of action plead and evidence presented at trial, the Court should award counsel's fees in full even though the Court did not adopt each contention Mitchell raised." However, the general rule is that when a cause of action for which attorney fees are provided by statute is joined with other causes of action for which attorney fees are not permitted, the prevailing party may recover only on the statutory cause of action. <u>Bell v. Vista United School Dist.</u> (2000) 82 Cal.App.4th 672, 686-687, 98 Cal. Rptr. 2d 263.  The facts in this case support the applicability to Mitchell's complaint, since Mitchell's complaint spanned a period of three years, several inspections, communications with HAP, OHA, and the HUD-VASH departments and personnel, some of whom were interviewed and prepped for trial these are not interrelated.  Mitchell lost on these claims related to repairs, habitability, premises liability, nuisance, quiet enjoyment. These claims involved deep dives into Federal, State and Local Ordinances and in the end were not supported by Mitchell's evidence. Therefore, these time entries could have been easily parsed out if counsel did not engage in block billing. Mitchell cannot be awarded fees for other than the partial statute upon which damages were awarded, if at all.

### E. The Court Should Deny Mitchell's Request for a 1.5 Multiplier to $187,500 Because There's No Evidence Counsel Lost Work Given the COVID-19 Moratorium on Evictions and No Evidence of an "Excellent Result"

Mitchell contends he should be awarded a 1.5 multiplier on his requested attorney fees as his counsel claims he was unable to work on other cases. Doc #418 7:23-24. There is no evidence that this litigation tied up counsel from other work. Indeed, during the time the Wolff firm first appeared in this case, August 2020, the Bay Area was in a COVID-19 imposed moratorium on evictions. Counsel's declaration does not support his claim he was prevented working on other matters that is compensable as a multiplier under these circumstances.

This contention is belied by this case alone. The Wolf firm also represent Rose, claim 6 and Cazares, claim 7 which were litigated in this main bankruptcy case until the court granted relief from stay which allowed the Wolf firm to litigate those claims in the state court.

The $15,000 award compared the several hundred thousand sought as compensatory damages, plus attorney's fees and costs cannot be found to be an "excellent" result since Mitchell lost 13.5 of 14 claims. Colbert was the party with the net gain as set forth in her motion.

### III. Conclusion

The court should deny Mitchell's motion for an award of attorney fees since Colbert was awarded two Judgments in her favor, one partial pursuant to Rule 52 and the Final order denying the majority of Mitchell's claims, save one subpart of §1942.5, with the other subpart (a) in favor of Colbert. As a practical matter, Colbert is the prevailing party. Moreover, should the court determine Mitchell should recover fees, the court should deny the request for failure to submit evidence of the actual time spend on§ 1942.5 (c). Mitchell's motion should be denied.

Dated: September 23, 2022

/s/ Marc Voisenat
Marc Voisenat, Attorney
for Debtor-In-Possession

# Prevailing Party Table

| Facts Alleged in Complaint RG17881383 | Cleveland Mitchell | Sonja Colbert | Disposition | Basis to Award Attorney Fees |
|---|---|---|---|---|
| Mitchell and Colbert had a rental agreement for $1150.00 per month at 1864 11th Ave. #4, Oakland, CA 94606 (Subject Premises) commencing 7/7/2014 for one year and month to month thereafter. Comp. ¶7 | | The agreement included Section 8 Tenant Based Assistance: Housing Choice Voucher Program ("HAP") as regulated by 24 CFR 982.310 et. seq., which program included routine housing inspections to ensure Housing Quality Standards were met by Colbert. Further, partial rent was paid by the HAP program. The transaction consisted of the rental agreement plus the HAP agreement. | The Landlord tenant relationship included all three parts; the Colbert Mitchell Lease Agreement and the HAP contract. #396 Memorandum Decision Re: Debtor's Objection to Cleveland Mitchell Proof of Claim, 3:4-15 | To Mitchell, no basis.<br><br>To Colbert, this is a basis as she expended the time and efforts to establish the three-part nature of the relationship and contracts between Colbert/Mitchell/HAP<br><br>It was because of the HAP/OHA routine inspections that raised issues, resolved by Colbert. Mitchell raised these issue in his complaint but completely failed to disclose the HAP contract and the obligations he and Colbert both had as parties to the HAP contract.<br><br>The Court found that since Colbert cleared issues flagged by HAP/OHA inspections, that she had not breached her obligations to Mitchell or violated any Health & Safety Codes. Doc #396 |

| | | | | |
|---|---|---|---|---|
| Throughout Mitchell's tenancy the Subject Premises had **mold and mildew growth** in violation of housing laws Comp. ¶9-10 | | Colbert prevailed since the court did not find in favor of Mitchell on this allegation. | | |
| Throughout Mitchell's tenancy the Subject Premises had **inadequate ventilation in** violation of housing laws Comp. ¶9-10 | | Colbert prevailed since the court did not find in favor of Mitchell on this allegation. | | |
| Throughout Mitchell's tenancy the Subject Premises had **defective heater** in violation of housing laws Comp. ¶9-10 | | Colbert prevailed since the court did not find in favor of Mitchell on this allegation. | | |
| Throughout Mitchell's tenancy the Subject Premises had **inadequate weatherproofing** in violation of housing laws Comp. ¶9-10 | | Colbert prevailed since the court did not find in favor of Mitchell on this allegation. | | |
| Throughout Mitchell's tenancy the Subject Premises had **inadequate weatherproofing** in violation of housing laws Comp. ¶9-10 | | Colbert prevailed since the court did not find in favor of Mitchell on this allegation. | | |

| | | | | |
|---|---|---|---|---|
| Throughout Mitchell's tenancy the Subject Premises **had gaps in doors and/or windows** in violation of housing laws Comp. ¶9-10 | | Colbert prevailed since the court did not find in favor of Mitchell on this allegation. | | |
| Throughout Mitchell's tenancy the Subject Premises **inadequate security** in violation of housing laws Comp. ¶10 | | Colbert prevailed since the court did not find in favor of Mitchell on this allegation. | | |
| Throughout Mitchell's tenancy the Subject Premises **defective security gate** in violation of housing laws Comp. ¶10 | | Colbert prevailed since the court did not find in favor of Mitchell on this allegation. | | |
| Throughout Mitchell's tenancy the Subject Premises had **sewage stains under bathroom sink** in violation of housing laws Comp. ¶10 | | Colbert prevailed since the court did not find in favor of Mitchell on this allegation. | | |
| Throughout Mitchell's tenancy the Subject Premises had **clogged bathtub, rust, chipping enamel, and** | | Colbert prevailed since the court did not find in favor of Mitchell on this allegation either in | | |

| | | | | |
|---|---|---|---|---|
| **defective caulking in bathtub** in violation of housing laws Comp. ¶10 | | severity or duration.<br><br>The court found these issues first arose in August 2017 during an annual inspection for the HAP program by OHA. Colbert made necessary repairs and the Subject Premises passed inspection. Order Granting Debtor's FRBP 52 Motion in part and Denying it in Part Doc#371 5:17-24, 11:25-27. | | |
| Throughout Mitchell's tenancy the Subject Premises **had uneven flooring** in violation of housing laws Comp. ¶10 | | Colbert prevailed since the court did not find in favor of Mitchell on this allegation. | | |
| Throughout Mitchell's tenancy the Subject Premises had **cockroach infestation** in | | Colbert prevailed since the court did not find in favor of | | |

| | | | | |
|---|---|---|---|---|
| violation of housing laws Comp. ¶10 | | Mitchell on this allegation. | | |
| Mitchell sent several repair requests in writing. Comp. ¶11 | | Colbert prevailed since the court did not find in favor of Mitchell on this allegation. "Mitchell never notified Colbert in writing of his housing problems" #371 4:5 | | |
| Colbert violated health & safety code section 17920.3 and 17920.10 because of hazardous fluids and materials, lack of adequate weatherproofing and Subject Premises were substandard in every way identified in the complaint. Compl. ¶13 | | | | |
| Colbert had opportunity and notice to repair the defects prior to Mitchell's complaint but failed and refused to do so. Comp. ¶14 | | Colbert caused repairs to be made. "The evidence established that Colbert and her maintenance men regularly responded to these telephone | | |

|  |  | calls…" #371 4:5-9 |  |  |
|---|---|---|---|---|
| Mitchell filed complaints with the City of Oakland Community and Economic Development Agency which inspected the Subject Premises and cited Colbert for failing to maintain the Subject Premises in accordance with state and local housing and building codes. |  | OHA annually inspected the Subject Premises and 2 notices issued, for back stair case and leaky faucets. Colbert corrected the issues. Doc#371 6:14<br><br>Thus, Mitchell's allegation that he reported and a citation issued to Colbert for violating state and local housing laws was false. |  |  |
| Colbert wrongfully served multiple eviction notices. |  |  |  |  |