

The following constitutes the order of the Court.
Signed: November 30, 2022

_____
**Charles Novack**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

In re:

SONJA NICOLLE COLBERT,

    Debtor.

Case No. 19-41729 CN
Chapter 11

**MEMORANDUM DECISION AND ORDER RE: PREVAILING PARTY DETERMINATION FOR AWARDING ATTORNEYS' FEES**

    On October 7, 2022, this court conducted a hearing on the competing requests by Chapter 11 debtor Sonja Nicolle Colbert and creditor Cleveland Mitchell for attorney's fees arising from the multi-day evidentiary hearing that resolved Colbert's objection to Mitchell's amended proof of claim. All appearances were noted on the record. The following constitutes this court's findings of fact and conclusions of law under Federal Rule of Bankruptcy Procedure 7052(a).

    The results of this contested matter are a matter of record. To summarize, Colbert owns a multi-unit residential apartment building at 1864 11th Avenue in Oakland, California, and Mitchell resided in a unit in the building for over three years. After he vacated his unit, Mitchell commenced litigation in Alameda County Superior Court against Colbert regarding his apartment's habitability and Colbert's allegedly retaliatory conduct. Colbert's Chapter 11 bankruptcy filing stayed the Superior Court litigation, and Mitchell's timely filed proof of claim is based on his Superior Court complaint. The proof of

claim/complaint asserts causes of action for tortious and contractual breach of the implied warranty of habitability, violations of California Civil Code §§ 1942.4 and 1924.5(a) and (c)[1], breach of contract, statutory breach of quiet enjoyment, private nuisance, premises liability under California Civil Code § 1714, negligence, violation of the City of Oakland's Just Cause and Tenant Protection Ordinances, Unfair Business Practices under California Business and Professions Code §§ 17500 *et. seq.*, and common law retaliatory eviction. The complaint's prayer for relief requested damages and attorney's fees under several of the above statutes, including Cal. Civ. Code §§ 1942.4 and 1942.5.[2]

The evidentiary hearing produced mixed results. After Mitchell completed his case in chief, Colbert successfully moved under Federal Rule of Bankruptcy Procedure 7052(c) for judgment in her favor on the habitability, Cal. Civ. Code § 1942.4, breach of contract, nuisance, premises liability and negligence causes of action and parts of the Unfair Business Practices' and Just Cause Ordinance's claims. After Colbert presented her defenses to the remaining causes of action, the court took the matter under submission and issued a memorandum decision in which it found that Colbert had unlawfully retaliated against Mitchell (under Cal. Civ. Code § 1942(c)) when she served an eviction notice for unpaid rent that an unlawful detainer jury had only days before determined was not owed. The court awarded $15,000 in damages as compensation for Colbert's violation of Cal. Civ. Code section 1942.5(c). This court held that Colbert was not liable, however, on Mitchell's remaining causes of action, including his claim that Colbert had also retaliated against him under Cal. Civ. Code § 1942.5(a).[3] In summary, Colbert prevailed on all but one of the causes of actions tried by this court.

---

[1] Any references to California Civil Code §§ 1942.4 and 1942.5 are to the versions of these statutes in effect on November 6, 2017 — the date Mitchell commenced litigation in Alameda County Superior Court.

[2] The complaint also requested attorney's fees under California Civ. P. Code § 1021.5, Oakland's Tenant Protection Ordinance, and Oakland's Just Cause Ordinance.

[3] The court respectfully refers the parties to its June 16, 2022, memorandum decision.

Sections 1942.4(b)(2) authorizes this court to award reasonable attorney's fees and costs to the prevailing party and 1942.5(g) similarly allows this court to award reasonable attorney's fees to the prevailing party in retaliatory eviction actions.[4] Mitchell prevailed on a single retaliation claim under § 1942(c). Colbert prevailed on the habitability claims under § 1942.4, the retaliatory claims alleged under § 1942.5(a), and the residual retaliatory claims under § 1942(c).[5] As a result, both parties argue that they prevailed under sections of the California Civil Code that award fees to the prevailing party, and they both seek to recover their reasonable fees. Colbert seeks $52,097.92 in fees, while Mitchell requests $1,465 in costs and $187,500 in fees (after application of a 1.5 lodestar multiplier). This court must answer two questions: 1) who, if anyone, is the prevailing party, and 2) what fees should be awarded to that party?[6] *See Graciano v. Robinson Ford Sales, Inc.*, 50 Cal. Rptr. 3d 273, 284 (Cal. Ct. App. 2006).

***Determining the Prevailing Party***

There is no general right to attorney's fees in bankruptcy cases, adversary proceedings or contested matters. *LVNV Funding, Inc. v. Andrade-Garcia (In re Andrade-Garcia)*, 635 B.R. 509, 513 (B.A.P. 9th Cir. 2022). A prevailing party in a bankruptcy

---

[4] Section 1942.4(b)(2) states that "[t]he prevailing party shall be entitled to recovery of reasonable attorney's fees and costs of the suit in an amount fixed by the court." Section 1942.5(g) states that "[i]n any action brought for damages for retaliatory eviction, the court shall award reasonable attorney's fees to the prevailing party if either party requests attorney's fees upon the initiation of the action." Mitchell's prayer for relief requested attorney's fees. Further, since Mitchell's retaliation claims involved several eviction notices and at least one unlawful detainer action, his § 1942.5 claims can be described as retaliatory eviction claims. *See Morrison v. Vineyard Creek L.P.*, 123 Cal. Rptr. 3d 414 (Cal. Ct. App. 2011); *but see Rich v. Schwab*, 75 Cal. Rptr. 2d 170 (Cal. Ct. App. 1998). Section 1942.5 was amended after Mitchell commenced his Superior Court action, and its "prevailing party" provision is now subsection (i).

[5] Mitchell prevailed on a single argument under § 1942.5(c), which concerned Colbert's service of her November 2016 eviction notice. His retaliation claims under this subsection, however, covered the gauntlet of Colbert's subsequent notices and conduct during 2016 and 2017. The court found that Colbert's subsequent conduct was not retaliatory.

[6] Colbert appealed this court's memorandum decision on October 2022. Her appeal does not deprive this court of jurisdiction to hear these fee applications. *See Hill & Sandford, LLP v. Mirzai (In re Mirzai)*, 236 B.R. 8, 10 (B.A.P. 9th Cir. 1999).

proceeding may recover attorney's fees, however, "in accordance with applicable state law if state law governs the substantive issues raised in the proceedings." *Id*. California law controlled the outcome of this contested matter, and the parties assert that they are entitled to fees under Cal. Civ. Code §§ 1942.4 (Colbert) and 1942.5 (Mitchell and Colbert).

Sections 1942.4 and 1942.5 do not define the term "prevailing party." Colbert asks this court to apply the definition provided by California Code of Civil Procedure § 1032, which describes a prevailing party as

> [T]he party with a net monetary recovery, a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant. If any party recovers other than monetary relief and in situations other than as specified, the "prevailing party" shall be as determined by the court, and under those circumstances, the court, in its discretion, may allow costs or not and, if allowed, may apportion costs between the parties on the same or adverse sides pursuant to rules adopted under Section 1034.

Cal. Civ. P. § 1032(a)(4).

While Mitchell is the only party who recovered money damages, Colbert asserts she obtained a net gain of $185,000. This perceived net monetary gain, however, does not anoint her as the prevailing party. Section 1032's prevailing party definition does not apply to other statutes that have "prevailing party" language, including Civil Code §§ 1942.4 and 1942.5. *See, e.g., Galan v. Wolfriver Holding Corp.*, 96 Cal. Rptr. 2d 112, 119 (Cal. Ct. App. 2000); *Heather Farms Homeowners Assn. v. Robinson*, 26 Cal. Rptr. 2d 758, 760 (Cal. Ct. App. 1994). Instead, where a statute authorizes a prevailing party to recover its fees but fails to define that term, a court must address this question on a "practical level" and consider, *inter alia*, which of the parties realized its litigation objectives, whether by judgment, settlement, or otherwise. *See Zuehlsdorf v. Simi Valley Unified School Dist.*, 55 Cal. Rptr. 3d 467, 472 (Cal. Ct. App. 2007); *OTO, L.L.C. v. Kho*, 447 P.3d 680, 697 (Cal. 2019). This standard is not easily applied in litigation involving multiple causes of action. Mitchell asserts that he achieved his litigation objectives once this court awarded him

$15,000 in damages; Colbert contends that she, on balance, met her litigation objectives because she prevailed on all but one of Mitchell's causes of action and was found liable for only a small amount of damages. Neither argument is persuasive. Colbert's argument ignores the fact that §§ 1942.4 and 1942.5's prevailing party language requires this court to determine who prevailed on those statutory claims for relief and not on the merits of any other cause of action. *See Sharif v. Mehusa, Inc.*, 193 Cal. Rptr. 3d 644 (Cal. Ct. App. 2015). Mitchell's argument requires additional scrutiny because Colbert successfully defended against Mitchell's § 1942.5(a) claims and the remainder of his § 1942.5(c) claims, leaving this court to ponder whether anyone prevailed under § 1942.5.

Where a court issues a "split decision," it can find that each party "prevailed" on one or more causes of action and offset the fees. In *Sharif v. Mehusa, Inc.*, 193 Cal. Rptr. 3d 644 (Cal. Ct. App. 2015), the plaintiff prevailed on her statutory equal pay claim while her former employer prevailed on the plaintiff's statutory failure to pay wages cause of action. Both claims were subject to fee shifting provisions, and the parties sought to recover the attorney's fees they incurred litigating those specific claims. The court rejected plaintiff's argument that she was the overall prevailing party and determined that both parties were entitled to recover the fees they incurred litigating the claims that they prevailed on. The court held that

> [I]f plaintiff had brought her wage and Equal Pay Act claims in separate actions, defendant would have been entitled to recover its attorney fees in the action asserting the wage claim and plaintiff would have been entitled to recover her attorney fees in the action asserting the Equal Pay Act claim. There is no legal or logical reason why defendant should be precluded from recovering its attorney fees on plaintiff's wage claim simply because plaintiff combined her wage and Equal Pay Act claims in a single action. By providing that the prevailing party under one statute is entitled to fees, and that a different prevailing party under another statute is entitled to fees, the Legislature expressed an intent that there can be two different prevailing parties under separate statutes in the same action. Thus, a net monetary award to a party does not determine the prevailing party when there are two fee-shifting statutes involved in one action.

*Id*. at 650. The court agrees with this analysis, and Colbert is entitled to the fees that she incurred in litigating Mitchell's § 1942.4 claim.

The parties' dueling § 1942.5 victories require this court to further refine this analysis. Section 1942.5 broadly prohibits a landlord from retaliating against a tenant who has exercised their legal rights under California law. Mitchell asserted at trial that Colbert's unlawful retaliation took several forms; this court rejected his arguments under § 1942.5(a) but found that Colbert violated § 1942.5(c) when she served her November 18, 2016 eviction notice.[7] Accordingly, the court must address whether there can be two prevailing parties when only one fee shifting statute is at play.

The *Sharif* court's holding equally applies to this scenario. Violations of any one of § 1942.5's subsections represent an independent cause of action, and the parties are entitled to request their fees and costs under the lodestar analysis.

### Awarding Fees to the Prevailing Party

This court may award prevailing party fees under the lodestar method. *PLCM Group, Inc. v. Drexler*, 997 P.2d 511 (Cal. 2000). A court first calculates a lodestar amount based on the reasonable hours spent, multiplied by the hourly prevailing rate for private attorneys in the community conducting noncontingent litigation of the same type. "[A]n attorney fee award should ordinarily include compensation for all the hours reasonably spent, including those relating solely to the fee." *Ketchum v. Moses*, 17 P.3d 735, 742 (Cal. 2001). Once this base amount is determined, a court may employ several factors to adjust

---

[7] Colbert commenced an unlawful detainer proceeding against Mitchell in September 2016 for his alleged failure to pay rent. The parties tried this case before a jury, which determined that Mitchell had not defaulted on his rent. The Superior Court entered a judgment in Mitchell's favor on November 16, 2016. Undaunted, Colbert served another eviction notice on November 18, 2016 alleging, *inter alia*, that Mitchell was in default on the same rent at issue in the first unlawful detainer proceeding. This court determined that service of the notice constituted unlawful retaliation under § 1942.5(c), which provides in pertinent part that "[n]otwithstanding subdivision (a), it is unlawful for a lessor to increase rent, decrease services, cause a lessee to quit involuntarily, bring an action to recover possession, or threaten to do any of those actions for the purpose of retaliating against the lessee because he or she has . . . lawfully and peaceably exercised any rights under the law." Mitchell's successful defense of the first unlawful detainer action constituted such lawful and peaceful exercise of his legal rights as a tenant.

it, including the "nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and other circumstances in the case." *PLCM Group, Inc.*, 997 P.2d at 519. The party seeking fees bears the burden of "'establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.'" *Christian Research Inst. v. Alnor*, 81 Cal. Rptr. 3d 866, 870 (Cal. Ct. App. 2008) (quoting *ComputerXpress, Inc. v. Jackson*, 113 Cal. Rptr. 2d 625, 649 (Cal. Ct. App. 2001)).

**Colbert's Attorney's Fees**

Colbert was represented by Mark Voisenat, an experienced and able bankruptcy attorney and general civil litigator who has demonstrated to this court that he is well versed in handling state law matters that frequently arise in Chapter 11 cases, including landlord/tenant issues. Voisenat's time records state that he billed 122.58 hours on this contested matter at $425/hour. Mitchell does not object to this hourly rate, and the court finds that it is reasonable and within the realm of the hourly prevailing rate for private attorneys in the Oakland, California legal community who handle similar litigation on a non-contingency basis. The more nettlesome question is how many hours Voisenat reasonably expended litigating the §§ 1942.4 and 1942.5 claims. Voisenat block billed his time, which makes it difficult for this court to determine how much time was spent on any one cause of action. *See Bell v. Vista Unified School Dist.*, 98 Cal. Rptr. 2d 263, 274 (Cal. Ct. App. 2000). Block billing is not objectionable on its face but it does "increase the risk the trial court, in a reasonable exercise of its discretion, will discount a fee request." *Jaramillo v. County of Orange*, 133 Cal. Rptr. 3d 751, 765 (Cal. Ct. App. 2011); *see also Hoffman v. Superior Ready Mix Concrete, L.P.*, 241 Cal. Rptr. 3d 476, 484 (Cal. Ct. App. 2018). Block billing woes notwithstanding, this court must also ask whether Mitchell's claims were factually or legally conjoined.

> When a cause of action for which attorney fees are provided statute is joined with other causes of action for which attorney fees are not permitted, the prevailing party may recover only on the statutory cause of action. However, the joinder of

> causes of action should not dilute the right to attorney's fees. Such fees need not be apportioned when incurred for representation of an issue common to both a cause of action for which fees are permitted and one for which they are not. All expenses incurred on the common issues qualify for an award. When the liability issues are so interrelated that it would be impossible to separate them into claims for which attorney fees are properly awarded and claim for which they are not, then allocation is not required.

*Graciano v. Robinson Ford Sales, Inc.*, 50 Cal. Rptr. 3d 273, 287 (Cal. Ct. App. 2006) (cleaned up) (quoting *Akins v. Enterprise Rent-A-Car Co., of San Francisco*, 94 Cal. Rptr. 2d 448, 452 (Cal. Ct. App. 2000). The "interrelated issue" may be legal or factual. *Atkins*, 94 Cal. Rptr. 2d at 452.

Voisenat seeks fees reflecting 122.58 hours of his time. Some of this time is clearly unrelated to the §§ 1942.4 and 1942.5 claims: $85 for 0.2 hours reviewing a letter for insurance coverage on an unrelated claim and $425 for one hour preparing motion in limine #4. This reduces Voisenat's base lodestar amount to $51,586.50. The court also reasonably estimates that 20% of Voisenat's hours relate to the one claim that Mitchell prevailed on, reducing his base lodestar amount to $41,269.20.[8] The court cannot reasonably further reduce these fees. Mitchell asserted common law and statutory retaliation and habitability claims which shared common nucleuses of operative facts. His negligence, breach of contract, City of Oakland ordinance, nuisance and other claims also relied on these factual allegations. While Voisenat's litigation of the § 1942.4 claim ended with this court's entry of its Rule 7052(c) order, Colbert's case in chief primarily addressed the retaliation claims. The court cannot untangle these claims. Colbert is therefore awarded $41,269.20 in fees.[9]

Mitchell defensively contends that his dire financial condition is one of the "other circumstances in this case" that this court should consider when calculating Colbert's fee

---

[8] The court may apply a negative multiplier to reflect this time. *See Graciano v. Robinson Ford Sales, Inc.*, 50 Cal. Rptr. 3d at 290.

[9] Colbert has not requested any fee enhancement or multiplier.

award. *See Garcia v. Santana*, 94 Cal. Rptr. 3d 299, 306 (Cal. Ct. App. 2009). Notwithstanding *Garcia's* lofty language, California's intermediate appellate courts are unsettled on this issue[10], and absent direction from the California Supreme Court, this court must equitably exercise its discretion when awarding fees. In this case, the court respectfully declines to consider Mitchell's finances. First, this court is also awarding attorney's fees to Mitchell due to his successful litigation of one of his § 1942(c) claims. Mitchell was represented by experienced, able counsel throughout, and the risk of bearing the burden of Colbert's attorney's fees did not prevent Mitchell from finding counsel and vigorously litigating his claims. Second, just because Colbert was awarded fees does not mean that she will be able to collect any of them directly from Mitchell. Mitchell is a disabled senior citizen with little income and whose assets may well be exempt.

**Mitchell's Fees**

Mitchell was represented by Tony Ruch of the Law Offices of Andrew Wolff, P.C. Ruch is an able attorney with significant experience representing tenants in landlord/tenant litigation. He billed 250 hours at $500/hour and is seeking a 1.5 multiplier. His requested fees total $187,500.00 (after the multiplier), and he seeks $1,465.00 in costs. Ruch has demonstrated that his hourly rate reflects the hourly rate that similarly experienced attorneys doing similar work in Oakland would receive as compensation.

Tony Ruch also block billed his time, and the court faces the same difficulties with his fees. To start, some of Ruch's time was distinctly unrelated to Mitchell's § 1942.5(c) claim: 0.3 hours drafting expert disclosures, 0.2 hours preparing a subpoena for Mitchell's OHA file, 6 hours subpoenaing and reviewing his client's VA file, and 5.7 hours preparing his trial examination of several OHA employees. This reduces his base (pre-multiplier) lodestar amount to $118,900. In addition, Mitchell prevailed on a specific allegation of retaliatory conduct which had little factual overlap with his other claims. The court believes that only 20% of Ruch's pre-trial, trial, and post-trial work related to his client's

---

[10] The court refers the parties to the *Garcia* dissent and the dicta in *Walker v. Ticor Title Co. of California*, 138 Cal. Rptr. 3d 820, 827-28 (Cal. Ct. App. 2012).

one successful claim, reducing his fees to $23,780.00.  Given the length of this contested matter and its difficulty, the court believes that a 1.5 multiplier is appropriate, bringing Mitchell's fee award to $35,670.00.  The court has reviewed and awards Michell his costs.

Voisenat has informed this court that Colbert will propose a Chapter 11 plan that will fully pay general, unsecured creditors.  Accordingly, Colbert may offset her attorney's fee award against the damages, attorney's fees, and costs that she owes to Mitchell.

***END OF ORDER***

Case No. 19-41729

## COURT SERVICE LIST

Sonja Nicolle Colbert
P.O. Box 31894
Oakland, CA 94604

Andrew Wolff on behalf of Creditor Cleveland Mitchell
Law Offices of Andrew Wolff, PC
1615 Broadway, 4th Floor
Oakland, CA 94612

Other recipients are ECF participants