Evan Livingstone (SBN 252008)
WADE LAW GROUP
A Professional Corporation
262 East Main Street
Los Gatos, CA 95030
Telephone:(408) 884-4018
Facsimile: (408) 852-0614
Email: elivingstone@wadelitigation.com

Attorneys for Movant
Kimberly Robin Alexander

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:

Sonja Nicolle Colbert

    Debtor(s)

Case No.   19-41729
Chapter    11

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Date:   April 21, 2023
Time:  10:00 AM

Judge:  Hon. Charles Novack
Ctrm:   1300 Clay St, Ctrm 125
Via Zoom Video Conference

**TO THE COURT AND THE DEBTOR AND HER ATTORNEY:**

## I.    RELIEF SOUGHT

Pursuant to Bankruptcy Code §362(d) and Bankruptcy Rule 4001(a), Kimberly Robin Alexander, moves for relief from the automatic stay imposed by Section 362(a) of the Bankruptcy Code in order to initiate an action in the probate division of the Superior Court of the State of California, County of Alameda, to determine the claim of the Estate of Dorothy Theresa Marsh to the real property located at 847 E 18th St, Oakland, CA 94606, and at 1864 11th Ave, Oakland, CA 94606.

## II.    FACTS

Debtor Sonja Nicolle Colbert filed the instant Chapter 11 bankruptcy case on 07/30/2019.

Debtor scheduled the real properties located at 847 E 18th St, Oakland, CA 94606, and at

1864 11th Ave, Oakland, CA 94606, as assets of her bankruptcy estate.

Neither Movant nor the Estate of Dorothy Theresa Marsh were listed as creditors on Debtor's bankruptcy schedules.

The deadline for filing a proof of claim was 11/25/2019.

The deadline for filing an adversary proceeding to determine dischargeability of a debt under Bankruptcy Code § 523(a)(2), (4) or (6) was 10/25/2019.

Movant did not learn of Debtor's bankruptcy filing until December 2022.

On November 1, 2022, Movant filed a Petition for Letters of Special Administration of the Estate of Dorothy Theresa Marsh in the Alameda Superior Court. (See Declaration of Kimberly Alexander, Exhibit A - Petition for Letters of Special Administration.)

The reason that Movant filed the probate petition is to commence litigation on behalf of the Estate of Dorothy Theresa Marsh under Probate Code §§ 850 and 8544 to determine the claim of the estate to real property wrongfully taken out of decedent's name as title owner by Debtor Sonja Nicolle Colbert.

Now, Movant seeks an order from the Bankruptcy Court granting relief from stay for Movant file a petition under Probate Code § 850 to determine the claim of the Estate of Dorothy Theresa Marsh to the real property located at 847 E 18th St, Oakland, CA 94606, and at 1864 11th Ave, Oakland, CA 94606. (See Declaration of Kimberly Alexander, Exhibit B - Proposed Probate Action.)

### III. ARGUMENT

Bankruptcy Code 362(d)(1) provides that on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay for cause.

Bankruptcy Rule 7001(2) provides that an adversary proceeding may be initiated to determine an interest in property of the bankruptcy estate. However, the bankruptcy court does not have exclusive jurisdiction over an action to determine an interest in the bankruptcy estate when a debt is not scheduled. State and federal courts have concurrent jurisdiction over 11

U.S.C.S. § 523(a)(3) (unlisted or unscheduled debt) proceedings. (*In Re McGhan*, 288 F.3d 1172, 1175.)

Since the claim of the Estate of Dorothy Marsh was not scheduled and Movant did not receive notice of Debtor's bankruptcy in time to file a claim, confirmation of Debtor's Chapter 11 bankruptcy plan will not discharge the Debtor from Movant's claim. Bankruptcy Code § 1141(d) provides the confirmation of a plan discharges the debtor from any debt that arose before the date of such confirmation, [except] a discharge under this chapter does not discharge a debtor who is an individual from any debt excepted from discharge under section 523 of this title. (11 U.S. Code 1141(d)(2)) (*In re Santiago*, 175 B.R. 48.)

Bankruptcy Code § 523(a)(3) excepts from discharge any debt neither listed nor scheduled with the name of the creditor to whom such debt is owed, in time to permit timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for a timely filing of a proof of claim, or, in the case of debts excepted from discharge under paragraphs (2), (4), or (6) unless such creditor had notice or actual knowledge of the case in time for a timely filing of a proof of claim and timely filing of a request for determination of the dischargeability of the debt.

Here, Movant did not have notice or actual knowledge of Debtor's bankruptcy filing until December 2022, more than three years after the deadline for filing a claim or an adversary proceeding to determine the dischargeabilty of the subject debt had passed. Therefore, confirmation of Debtor's Chapter 11 plan will not discharge the Debtor from the alleged debt owed to the Estate of Dorothy Theresa Marsh.

Bankruptcy Rule 4007(b) provides that an adversary proceeding other than under §523(c) may be filed at any time. Bankruptcy Code § 523(c) requires an adversary proceeding to be filed to determine whether a debt is excepted from discharge under Section 523(a)(2), (4), or (6), <u>unless</u> the debt falls under subsection (a)(3)(B).

Here, as discussed above, if the subject debt does fall under Bankruptcy Code § 523(a)(2), (4), or (6), then Bankruptcy Code § 523(a)(3)(B) applies, otherwise Bankruptcy Code § 523(a)(3)(A) applies. Regardless, it appears that an adversary proceeding to determine whether

the Estate of Dorothy Theresa Marsh has an interest in the real property located at 847 E 18th St, Oakland, CA 94606, and at 1864 11th Ave, Oakland, CA 94606, could be initiated at any time.

However, because the bankruptcy court does not have exclusive jurisdiction over Movant's proposed litigation, an adversary proceeding is not the only venue for determining the subject claim. Because the subject debt was unlisted, state court and federal courts have concurrent jurisdiction. Federal courts have exclusive jurisdiction over 11 U.S.C.S. §§ 523(a)(6) (nondischargeability of willful and malicious injury) and 523(c)(1) (adequacy of notice to a listed creditor) of the Bankruptcy Code, whereas state and federal courts have concurrent jurisdiction over 11 U.S.C.S. § 523(a)(3) (unlisted or unscheduled debt) proceedings. (*In Re McGhan*, 288 F.3d 1172, 1175.)

Therefore, an action to determine the claim of the Estate of Dorothy Theresa Marsh to the real property located at 847 E 18th St, Oakland, CA 94606, and at 1864 11th Ave, Oakland, CA 94606, could be determined by the bankruptcy court in an adversary proceeding, *or* could also be determined by the Superior Court of the State of California.

Once Debtor's Chapter 11 bankruptcy plan is confirmed, Movant would have the option of commencing an action in either venue. Here, Movant asks for relief from stay to commence her proceeding in the Alameda Superior Court, before Debtor's plan is confirmed.

The Ninth Circuit in *In re Kemble* (1985) 776 F.2d 802, held that judicial economy justifies lifting the automatic stay to permit a state court lawsuit to proceed. "A district court may properly consider the factor of judicial economy in deciding whether to lift an automatic stay." (*In re Kemble* (1985) 776 F.2d 802, 803.)

Here, since the probate division of the Superior Court has expertise in considering claims relating to estates of deceased persons, judicial economy would be served by granting Movant's motion for relief from stay.

## IV. CONCLUSION

Because the claim of the Estate of Dorothy Theresa Marsh to the subject real properties was not scheduled, and Movant did not have notice of Debtor's bankruptcy in time to file a

claim, or file an adversary proceeding to determine the dischargeabilty of the Marsh estate's claim, Movant could bring the subject action as an adversary proceeding in the bankruptcy court, or as a probate proceeding in state court. However, the doctrine of judicial economy favors granting Movant's motion for relief from stay to bring the action in the Alameda Superior Court.

Dated: April 7, 2023

/s/Evan Livingstone
Evan Livingstone
Attorney for Movant
Kimberly Robin Alexander