Evan Livingstone (SBN 252008)
WADE LAW GROUP
A Professional Corporation
262 East Main Street
Los Gatos, CA 95030
Telephone:(408) 884-4018
Facsimile:  (408) 852-0614
Email: elivingstone@wadelitigation.com

Attorneys for Kimberly Robin Alexander

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>Sonja Nicolle Colbert<br><br>Debtor(s) | Case No.    19-41729<br>Chapter     11<br><br>**DECLARATION OF KIMBERLY ROBIN ALEXANDER IN SUPPORT OF MOTION FOR RELIEF FROM STAY**<br><br>Date:    April 21, 2023<br>Time:    10:00 AM<br><br>Judge:   Hon. Charles Novack<br>Ctrm:    1300 Clay St, Ctrm 125<br>Via Zoom Video Conference |

I, Kimberly Robin Alexander, declare as follows:

1.      On November 1, 2022, I filed a Petition for Letters of Special Administration of the Estate of Dorothy Theresa Marsh in the Alameda Superior Court. (See Exhibit A - Petition for Letters of Special Administration.)

2.      Upon information and belief, Debtor obtained title to the real properties at 1864 11th Ave, Oakland, CA 94606 and 847 E 18th St, Oakland, CA 94606, by exercising undue influence on my mother, Dorothy Marsh Alexander.

3.      I first became aware of Debtor Sonja Nicolle Colbert's bankruptcy filing in December 2022.

4.      Attached as Exhibit B is the proposed petition under Probate Code § 850 to determine the claim of the Estate of Dorothy Theresa Marsh to the real property located at 847 E

18th St, Oakland, CA 94606, and at 1864 11th Ave, Oakland, CA 94606. (See Exhibit B - Proposed Probate Action.)

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed April 7, 2023 in Omaha Nebraska          /s/Kimberly Robin Alexander
                                                   Kimberly Robin Alexander

# EXHIBIT A
## Petition for Letters of
## Special Administration



# COPY

DE-111

| | | |
|---|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY:** | **STATE BAR NO.:** 238274 | **FOR COURT USE ONLY** |

NAME: David S. Chon
FIRM NAME: WADE LAW GROUP APC
STREET ADDRESS: 262 E. Main St.
CITY: Los Gatos    STATE: CA    ZIP CODE: 95030
TELEPHONE NO.: 408-842-1688    FAX NO.: 408-549-1612
E-MAIL ADDRESS: dchon@wadelitigation.com
ATTORNEY FOR *(name)*: Kimberly Alexander

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 2120 Martin Luther King Jr. Way
MAILING ADDRESS:
CITY AND ZIP CODE: Berkley 94704
BRANCH NAME: Berkley Courthouse

**ENDORSED
FILED
ALAMEDA COUNTY**

**NOV 01 2022**

CLERK OF THE SUPERIOR COURT
By ~~KATINA WILLIAMS~~ Deputy

ESTATE OF *(name)*: DOROTHY THERESA MARSH aka DOROTHY T. MCMULLEN
                              DECEDENT

**BY FAX**

**PETITION FOR**
- [ ] Probate of [ ] Lost Will and for Letters Testamentary
- [ ] Probate of [ ] Lost Will and for Letters of Administration with Will Annexed
- [ ] Letters of Administration
- [x] Letters of Special Administration [ ] with general powers
- [x] Authorization to Administer Under the Independent Administration of Estates Act [x] with limited authority

**CASE NUMBER:** RP22129821

**HEARING DATE AND TIME:** NOV 1 0 2022   10:30am    **DEPT.:** 201

1. Publication will be in *(specify name of newspaper)*:
   a. [ ] Publication requested.
   b. [ ] Publication to be arranged.

2. **Petitioner** *(name each)*:
   Kimberly Alexander

   **requests that**
   a. [ ] decedent's will and codicils, if any, be admitted to probate.
   b. *(name)*:                                         be appointed
      (1) [ ] executor
      (2) [ ] administrator with will annexed
      (3) [ ] administrator
      (4) [x] special administrator [ ] with general powers
      and Letters issue upon qualification.
   c. [ ] full [ ] limited authority be granted to administer under the Independent Administration of Estates Act.
   d. (1) [x] bond not be required for the reasons stated in item 3e.
      (2) [ ] $ _____ bond be fixed. The bond will be furnished by an admitted surety insurer or as otherwise provided by law. *(Specify reasons in Attachment 2 if the amount is different from the maximum required by Prob. Code, § 8482.)*
      (3) [ ] $ _____ in deposits in a blocked account be allowed. Receipts will be filed. *(Specify institution and location)*:

3. a. Decedent died on *(date)*: 2008   **11/21/08**   at *(place)*: Oakland, CA
      (1) [x] a resident of the county named above.
      (2) [ ] a nonresident of California and left an estate in the county named above located at *(specify location permitting publication in the newspaper named in item 1)*:

   b. [ ] Decedent was a citizen of a country other than the United States *(specify country)*:

   c. Street address, city, and county of decedent's residence at time of death *(specify)*:
      1864 11th Avenue Oakland, CA 94606, County of Alameda

---

Form Adopted for Mandatory Use
Judicial Council of California
DE-111 [Rev. July 1, 2017]

**PETITION FOR PROBATE**
(Probate—Decedents Estates)

Page 1 of 4

Probate Code, §§ 8002, 10450;
*www.courts.ca.gov*

Case: 19-41729    Doc# 512-2    Filed: 04/07/23    Entered: 04/07/23 15:45:29    Page 4 of 26

| ESTATE OF (name): DOROTHY THERESA MARSH aka TOROTHY T. MCMULLEN DECEDENT | CASE NUMBER: RP22129821 |
| --- | --- |

3. d. **Character and estimated value of the property of the estate** (complete in all cases):

   (1) Personal property:             $litigation claims only

   (2) Annual gross income from

      (a) real property:            $ litigation claims only

      (b) personal property:       $ litigation claims only

   (3) **Subtotal** (add (1) and (2)):     $ litigation claims only

   (4) Gross fair market value of real property:   $ litigation claims only

   (5) (Less) Encumbrances:       ($ litigation claims only     )

   (6) Net value of real property:     $ litigation claims only

   (7) **Total** (add (3) and (6)):             $ litigation claims only

  e. (1) ☐ Will waives bond.   ☐ Special administrator is the named executor, and the will waives bond.

    (2) ☐ All beneficiaries are adults and have waived bond, and the will does not require a bond. (Affix waiver as Attachment 3e(2).)

    (3) ☐ All heirs at law are adults and have waived bond. (Affix waiver as Attachment 3e(3).)

    (4) ☐ Sole personal representative is a corporate fiduciary or an exempt government agency.

  f. (1) ☐ Decedent died intestate.

    (2) ☐ Copy of decedent's will dated:     ☐ codicil dated    (specify for each):

       are affixed as Attachment 3f(2). (Include typed copies of handwritten documents and English translations of foreign-language documents.)

       ☐ The will and all codicils are self-proving (Prob. Code, § 8220).

    (3) ☐ The original of the will and/or codicil identified above has been lost. (Affix a copy of the lost will or codicil or a written statement of the testamentary words or their substance in Attachment 3f(3), and state reasons in that attachment why the presumption in Prob. Code, § 6124 does not apply.)

  g. **Appointment of personal representative** (check all applicable boxes):

   (1) Appointment of executor or administrator with will annexed:

    (a) ☐ Proposed executor is named as executor in the will and consents to act.

    (b) ☐ No executor is named in the will.

    (c) ☐ Proposed personal representative is a nominee of a person entitled to Letters. (Affix nomination as Attachment 3g(1)(c).)

    (d) ☐ Other named executors will not act because of   ☐ death   ☐ declination

       ☐ other reasons (specify):

       ☐ Continued in Attachment 3g(1)(d).

   (2) Appointment of administrator:

    (a) ☐ Petitioner is a person entitled to Letters. (If necessary, explain priority in Attachment 3g(2)(a).)

    (b) ☐ Petitioner is a nominee of a person entitled to Letters. (Affix nomination as Attachment 3g(2)(b).)

    (c) ☐ Petitioner is related to the decedent as (specify):

   (3) ☒ Appointment of special administrator requested. (Specify grounds and requested powers in Attachment 3g(3).)

   (4) ☐ Proposed personal representative would be a successor personal representative.

  h. Proposed personal representative is a

   (1) ☒ resident of California.

   (2) ☐ nonresident of California (specify permanent address):

   (3) ☒ resident of the United States.

   (4) ☐ nonresident of the United States.

| ESTATE OF *(name)*: DOROTHY THERESA MARSH aka TOROTHY T. MCMULLEN DECEDENT | CASE NUMBER: RP22129821 |
| --- | --- |

4. ☐ Decedent's will does not preclude administration of this estate under the Independent Administration of Estates Act.

5. a. Decedent was survived by *(check items (1) or (2), and (3) or (4), and (5) or (6), and (7) or (8))*
   (1) ☐ spouse.
   (2) ☒ no spouse as follows:
      (a) ☐ divorced or never married.
      (b) ☒ spouse deceased.
   (3) ☐ registered domestic partner.
   (4) ☒ no registered domestic partner. *(See Fam. Code, § 297.5(c); Prob. Code, §§ 37(b), 6401(c), and 6402.)*
   (5) ☒ child as follows:
      (a) ☒ natural or adopted.
      (b) ☐ natural adopted by a third party.
   (6) ☐ no child.
   (7) ☒ issue of a predeceased child.
   (8) ☐ no issue of a predeceased child.

   b. Decedent ☐ was ☐ was not survived by a stepchild or foster child or children who would have been adopted by decedent but for a legal barrier. *(See Prob. Code, § 6454.)*

6. *(Complete if decedent was survived by (1) a spouse or registered domestic partner but no issue (only **a** or **b** apply), or (2) no spouse, registered domestic partner, or issue. (Check the **first** box that applies):*
   a. ☐ Decedent was survived by a parent or parents who are listed in item 8.
   b. ☐ Decedent was survived by issue of deceased parents, all of whom are listed in item 8.
   c. ☐ Decedent was survived by a grandparent or grandparents who are listed in item 8.
   d. ☐ Decedent was survived by issue of grandparents, all of whom are listed in item 8.
   e. ☐ Decedent was survived by issue of a predeceased spouse, all of whom are listed in item 8.
   f. ☐ Decedent was survived by next of kin, all of whom are listed in item 8.
   g. ☐ Decedent was survived by parents of a predeceased spouse or issue of those parents, if both are predeceased, all of whom are listed in item 8.
   h. ☐ Decedent was survived by no known next of kin.

7. *(Complete only if no spouse or issue survived decedent.)*
   a. ☐ Decedent had no predeceased spouse.
   b. ☐ Decedent had a predeceased spouse who
      (1) ☐ died not more than 15 years before decedent and who owned an interest in **real property** that passed to decedent,
      (2) ☐ died not more than five years before decedent and who owned **personal property** valued at $10,000 or more that passed to decedent, *(If you checked (1) or (2), check only the **first** box that applies):*
         (a) ☐ Decedent was survived by issue of a predeceased spouse, all of whom are listed in item 8.
         (b) ☐ Decedent was survived by a parent or parents of the predeceased spouse who are listed in item 8.
         (c) ☐ Decedent was survived by issue of a parent of the predeceased spouse, all of whom are listed in item 8.
         (d) ☐ Decedent was survived by next of kin of the decedent, all of whom are listed in item 8.
         (e) ☐ Decedent was survived by next of kin of the predeceased spouse, all of whom are listed in item 8.
      (3) ☐ neither (1) nor (2) apply.

8. Listed on the next page are the names, relationships to decedent, ages, and addresses, so far as known to or reasonably ascertainable by petitioner, of (1) all persons mentioned in decedent's will or any codicil, whether living or deceased; (2) all persons named or checked in items 2, 5, 6, and 7; and (3) all beneficiaries of a trust named in decedent's will or any codicil in which the trustee and personal representative are the same person.

Case: 19-41729    Doc# 512-2    Filed: 04/07/23    Entered: 04/07/23 15:45:29    Page 6 of 26

DocuSign Envelope ID: 0F9E6411-0081-4058-9FE9-42C4AF038C76

| ESTATE OF (name): DOROTHY THERESA MARSH aka TOROTHY T. MCMULLEN DECEDENT | CASE NUMBER: RP22129821 |
|---|---|

8. | Name and relationship to decedent | Age | Address |

| Dante L. Marsh (grandson through deceased son, Christopher Marsh) | adult | 4233 Asilomar Ct. Modesto, CA 95356 |
| Damari F. Marsh (grandson through deceased son, Christopher Marsh) | adult | 17461 Mill Stone Way Lathrop, CA 95356 |
| Leslie Colbert (daughter) | adult | 2931 Magnolia St. Oakland, CA 94608 |
| Kimberly Alexander (daughter) | adult | 430 Willow St. Alameda, CA 94501 |
| Genesis V. Johnson (granddaughter through deceased daughter, Stacey Alexander) | adult | 2345 92nd Ave Apt 8 Oakland, CA 94603 |
| Sonja Colbert (granddaughter through living daughter, Leslie Colbert) | adult | 100 Peppercorn Ct. Vallejo, CA 94591 |

☐ Continued on Attachment 8.

9. Number of pages attached: _____

Date: 10/14/22

David S. Chon
_____
(TYPE OR PRINT NAME OF ATTORNEY )

_____
(SIGNATURE OF ATTORNEY ) *

* (Signatures of all petitioners are also required. All petitioners must sign, but the petition may be verified by any one of them (Prob. Code, §§ 1020, 1021; Cal. Rules of Court, rule 7.103).)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 10/14/22

Kimberly Alexander
_____
(TYPE OR PRINT NAME OF PETITIONER)

_____
(SIGNATURE OF PETITIONER)

_____
(TYPE OR PRINT NAME OF PETITIONER)

_____
(SIGNATURE OF PETITIONER)

Signatures of additional petitioners follow last attachment.

DocuSign Envelope ID: 0F9E6411-0081-4058-9FE9-42C4AF038C76

**MC-025**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Estate of Dorothy Theresa Marsh aka Dorothy T. McMullen | RP22129821 |

**ATTACHMENT** *(Number):*  3e & 3(g)3

*(This Attachment may be used with any Judicial Council form.)*

3e: no bond is required because probate is being opened for litigation claims only - there are no known assets currently titled in the name of the Decedent.

3(g)(3): The estate has a claim to real property wrongfully taken out of Decedent's name as title owner (by Sonja Colbert) and currently held in the name of another. As such, Petition only requests a power requested which is automatically provided under Probate Code 8544(1)(3) - to commence suit.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page _____ of _____

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

# EXHIBIT B
## Proposed State Court Action

David S. Chon (SBN 238274)
WADE LAW GROUP, APC
262 East Main Street
Los Gatos, CA 95030

Telephone: 408-842-1688
Facsimile: 408-549-1612
E-mail: dchon@wadelitigation.com

Attorneys for Petitioner
KIMBERLY ALEXANDER

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| Estate of:<br><br>DOROTHY THERESA MARSH, aka<br>DOROTHY T. MARSH, aka<br>DOROTHY THERESA MCMULLEN<br><br>                                    Deceased.<br>_____<br>KIMBERLY ALEXANDER,<br>                        Petitioner,<br>vs.<br><br>SONJA N. COLBERT, LESLIE R.<br>COLBERT, DIVACO C. COLBERT,<br>AND DOES 1-10<br>                        Respondents | Case No.<br><br>PETITION:<br><br>1) FOR ORDER ESTABLISHING ESTATE'S<br>    CLAIM TO PROPERTY<br><br>2) FOR DOUBLE DAMAGES<br><br>3) FOR CONSTRUCTIVE TRUST<br><br>4) FOR ATTORNEYS FEES AND COSTS |

Petitioner, KIMBERLY ALEXANDER, hereby alleges:

1. <u>Petitioner Is Heir</u>

Petitioner is the daughter of the above-captioned Decedent and Special

Administrator of her Estate.

///

///

PETITION UNDER PROBATE CODE 850
1

2.    <u>Heirs of Decedent</u>

DOROTHY had four children:

- KIMBERLY ALEXANDER

- LESLIE COLBERT 2931 Magnolia St. Oakland, CA 94608

- CHRISTOPHER MARSH (died June 14, 2005 and was survived by wife, Janice M. Marsh (now deceased) and children: Dante L. Marsh  and Damari F. Marsh)

- STACEY VICTORIA JOHNSON (died in 2005 and survived by daughter Genesis Victoria Johnson)

3.    <u>Decedent Inherited Properties From Her Mother's Trust</u>

Decedent was the beneficiary and successor trustee of the "Hilda Roberta McMullen Revocable Trust" which held title to the following properties (hereinafter "SUBJECT PROPERTIES"):

- 1864 11TH AVE, OAKLAND, CA 94606 legally described as:

BEGINNING at the intersection of the southeastern line of 11th Avenue, formerly Pierce street, with the southwestern line of East 19th Street, formerly Lacy Street, as said streets are shown on the map hereinafter referred to, running thence south westerly along said line of 11th Avenue, 75 feet; thence at right angles southeasterly 78 feet; thence at right angles northeasterly 32 feet; thence at right angles northwesterly 40 feet; thence at right angles northeasterly 43 feet to the southwestern line of East 19th Street, and thence northwesterly along said last named line, 35 feet to the point of beginning.

BEING A PORTION of Block 110, as said block is shown on Higley's Map of Clinton, of records in the office of the County Recorder of Alameda County.
(APN 21-237-1)

- 847 E 18TH ST, OAKLAND, CA 94606 legally described as:

All that certain real property situate in the City of Oakland, County of Alameda, State of California, described as follows:

A portion of Block 96. Higley's Map of Clinton of record in book B of Deeds, Page 537, Alameda County Records, described as follows:

Beginning at the point of the intersection of the northwestern line of 9th Avenue, (formerly Clay Street) wit the southwestern line of East 18th Street, (formerly Webster Street), as said street are shown on said map, and running thence northwesterly along said line of East 18th street, 40 feet; thence southwesterly and parallel ,with said line of 9th

Avenue, 100 feet; thence southeasterly and parallel with said line of East 18th street 40
feet to said line of 9th Avenue, and thence northeasterly along said line of 9th avenue 100
feet to the point of beginning.
(APN 20-218-6)

4.      Estate's Claim to Property Held by Another

Probate Code §850 provides express statutory authorization for the probate court to
resolve disputed property claims that involve third parties who are outsiders to or beneficiaries of
the estate. The within petition is brought under Probate Code §850(a)(2)(D) as the estate has a
claim to property in which title and possession is held by another. The properties subject to this
petition include the following assets that are identified above as SUBJECT PROPERTIES which
are commonly known as 1864 11TH AVE, OAKLAND, CA 94606 and 847 E 18TH ST,
OAKLAND, CA 94606.

**1864 11th AVENUE**

5.      Decedent Inherited 1864 11th Avenue From Grandmother

1864 11TH AVE, OAKLAND, CA 94606 was transferred from Decedent's
grandmother "HILDA ROBERTA MCMULLEN" to "DOROTHY T. MARSH, TRUSTEE OF
THE HILDA ROBERTA MCMULLEN REVOCABLE TRUST" by Grant Deed dated July 13,
1993 recorded as Instrument No. 93274335 on August 2, 1993 (Exhibit "A").

6.      Decedent Transferred 1864 11th Avenue to Her Own Trust (Wild Deed)

1864 11TH AVE, OAKLAND, CA 94606 was then transferred to and from
"DOROTHY T. MARSH, TRUSTEE OF THE DOROTHY T. MARSH REVOCABLE TRUST
UTD NOVEMBER 19, 1993" by Grant Deed dated May 9, 1993 recorded as Instrument No.
2005235467 on June 9, 2005 (Exhibit "B").

7.      Decedent Canceled Prior Wild Deed for 1864 11th Avenue

Decedent then apparently canceled the aforementioned Wild Deed (Exhibit "B") by
Grant Deed dated July 12, 2005 recorded as Instrument No. 2008000765 on January 2, 2008

(Exhibit "C").

### 8. Decedent Transfers 1864 11th Avenue to Herself as Individual

1864 11TH AVE, OAKLAND, CA 94606 was then transferred from "DOROTHY T. MARSH, TRUSTEE OF THE DOROTHY T. MARSH REVOCABLE TRUST" to "DOROTHY T. MARSH, AN UNMARRIED WOMAN" by Grant Deed dated July 12, 2005 recorded as Instrument No. 2008000766 on January 2, 2008 (Exhibit "D"). ***Note, the Recording is Requested by Decedent's niece, SONJA COLBERT.

### 9. Decedent Transfers 1864 11th Avenue to Leslie Colbert ON SAME DAY

1864 11TH AVE, OAKLAND, CA 94606 was then transferred BY GIFT from "DOROTHY T. MARSH" to "LESLIE R. COLBERT, AN UNMARRIED WOMAN" by Grant Deed dated July 12, 2005 recorded as Instrument No. 2008000767 on January 2, 2008 (Exhibit "E"). LESLIE is Decedent's other daughter. ***Note, the Recording is Requested by Decedent's niece, SONJA COLBERT.

### 10. Leslie Transfers 1864 11th Avenue to Sonja Colbert ON SAME DAY

1864 11TH AVE, OAKLAND, CA 94606 was then transferred BY GIFT from "LESLIE R. COLBERT" to "SONJA COLBERT, AN UNMARRIED WOMAN" by Grant Deed dated August 15, 2005 recorded as Instrument No. 2008000768 on January 2, 2008 (Exhibit "F"). LESLIE is Decedent's other daughter. ***Note, the Recording is Requested by Decedent's niece, SONJA COLBERT.

### 11. Sonja Transfers 1864 11th Avenue to Her Own Trust

1864 11TH AVE, OAKLAND, CA 94606 was then transferred from "SONJA N. COLBERT" to "THE SONJA NICOLLE COLBERT LIVING TRUST" by Grant Deed dated June 23, 2008 recorded as Instrument No. 2008198102 on June 24, 2008 (Exhibit "G"). ***Note, there is no Trustee noted as Grantee.

11. <u>Sonja Transfers 1864 11th Avenue to Her Minor Child's Trust</u>

1864 11TH AVE, OAKLAND, CA 94606 was then transferred from "SONJA N. COLBERT TRUSTEE OF THE SONJA NICOLLE COLBERT LIVING TRUST" to "DIVACO C. COLBERT TRUST" by Grant Deed dated November 25, 2005 recorded as Instrument No. 2016040247 on February 18, 2016 (<u>Exhibit "H"</u>).

12. <u>Deeds To Sonja's Trust and Divaco's Trust Invalid</u>

<u>Noted above, there is no Trustee noted as Grantee for the deeds purportedly transferring the property to Sonja's Trust and Divaco's Trust</u>. As a matter of law, only trustees—not trusts—can hold legal title to property. Revocable trusts have no right to sue or be sued. "Unlike a corporation, a trust is not a legal entity." (*Galdjie v. Darwish* (2003) 113 Cal.App.4th 1331, 1343 [7 Cal.Rptr.3d 178].) Rather, a trust is "`a fiduciary relationship with respect to property.'" (*Moeller v. Superior Court* (1997) 16 Cal.4th 1124, 1132, fn. 3 [69 Cal.Rptr.2d 317, 947 P.2d 279], quoting Rest.2d Trusts, § 2, p. 6.) When property is held in trust, "`there is always a divided ownership of property,'" generally with the trustee holding legal title and the beneficiary holding equitable title. (*Gonsalves v. Hodgson* (1951) 38 Cal.2d 91, 98, [237 P.2d 656]; see *Beyer v. Tahoe Sands Resort* (2005) 129 Cal.App.4th 1458, 1475 [29 Cal.Rptr.3d 561]; *Galdjie*, at p. 1343; *Herrick v. State of California* (1983) 149 Cal.App.3d 156, 161 [196 Cal.Rptr. 663]; *Steinhart v. County of Los Angeles* (2010) 47 Cal.4th 1298, 1319 [104 Cal.Rptr.3d 195, 223 P.3d 57].)

**847 E. 18th STREET**

13. <u>847 E. 18th Street Owned by Grandmother's Trust</u>

847 E. 18TH ST, OAKLAND, CA 94606 was transferred from Decedent's grandmother "HILDA ROBERTA MCMULLEN" to "DOROTHY T. MARSH, TRUSTEE OF THE HILDA ROBERTA MCMULLEN REVOCABLE TRUST" by Grant Deed dated July 26, 1993 recorded as Instrument No. 93274336 on August 2, 1993 (<u>Exhibit "I"</u>).

12. <u>847 E. 18th Street Transferred from Grandmother's Trust to Niece</u>

847 E. 18TH ST, OAKLAND, CA 94606 was transferred from "DOROTHY T. MARSH, TRUSTEE OF THE HILDA ROBERTA MCMULLEN REVOCABLE TRUST" to "SONJA N. COLBERT" by Grant Deed dated April 7, 2004 recorded as Instrument No. 2004166981 on April 20, 2004 (<u>Exhibit "J"</u>).

13. <u>847 E. 18th Street Transferred from Niece Back to Grandmother's Trust</u>

847 E. 18TH ST, OAKLAND, CA 94606 was transferred from "SONJA N. COLBERT" to "DOROTHY T. MARSH, TRUSTEE OF THE HILDA ROBERTA MCMULLEN REVOCABLE TRUST" by Grant Deed dated August 1, 2005 recorded as Instrument No. 2005339171 on August 9, 2005 (<u>Exhibit "K"</u>).

14. <u>847 E. 18th Street "Gifted" from Grandmother's Trust to Leslie SAME DAY</u>

847 E. 18TH ST, OAKLAND, CA 94606 was then transferred by GIFT from "DOROTHY T. MARSH, TRUSTEE OF THE HILDA ROBERTA MCMULLEN REVOCABLE TRUST" to "LESLIE R. COLBERT, AN UNMARRIED WOMAN" by Grant Deed dated August 1, 2005 recorded as Instrument No. 2005339172 on August 9, 2005 (<u>Exhibit "L"</u>).

15. <u>847 E. 18th Street "Gifted" from Leslie to Sonja SAME DAY</u>

847 E. 18TH ST, OAKLAND, CA 94606 was then transferred by GIFT from "LESLIE R. COLBERT, AN UNMARRIED WOMAN" to her daughter, "SONJA N. COLBERT, AN UNMARRIED WOMAN" by Grant Deed dated August 1, 2005 recorded as Instrument No. 2005339173 on August 9, 2005 (<u>Exhibit "M"</u>).

16. <u>847 E. 18th Street Transferred to Sonja's Trust</u>

847 E. 18TH ST, OAKLAND, CA 94606 was then transferred from "SONJA N. COLBERT" to "THE SONJA NICOLLE COLBERT LIVING TRUST" by Grant Deed dated June 23, 2008 recorded as Instrument No. 2008198101 on June 24, 2008 (<u>Exhibit "N"</u>). ***Note,

there is no Trustee noted as Grantee.

### 17. Sonja Transfers 847 E. 18th Street to Her Minor Child's Trust

847 E. 18TH ST., OAKLAND, CA 94606 was then transferred from "SONJA N. COLBERT TRUSTEE OF THE SONJA NICOLLE COLBERT LIVING TRUST" to "DIVACO C. COLBERT TRUST" by Grant Deed dated November 25, 2005 recorded as Instrument No. 2016040248 on February 18, 2016 (Exhibit "O").

### 18. Deeds To Sonja's Trust and Divaco's Trust Invalid

Noted above, there is no Trustee noted as Grantee for the deeds purportedly transferring the property to Sonja's Trust and Divaco's Trust. As a matter of law, only trustees—not trusts—can hold legal title to property. Revocable trusts have no right to sue or be sued. "Unlike a corporation, a trust is not a legal entity." (*Galdjie v. Darwish* (2003) 113 Cal.App.4th 1331, 1343 [7 Cal.Rptr.3d 178].) Rather, a trust is "`a fiduciary relationship with respect to property.'" (*Moeller v. Superior Court* (1997) 16 Cal.4th 1124, 1132, fn. 3 [69 Cal.Rptr.2d 317, 947 P.2d 279], quoting Rest.2d Trusts, § 2, p. 6.) When property is held in trust, "`there is always a divided ownership of property,'" generally with the trustee holding legal title and the beneficiary holding equitable title. (*Gonsalves v. Hodgson* (1951) 38 Cal.2d 91, 98, [237 P.2d 656]; see *Beyer v. Tahoe Sands Resort* (2005) 129 Cal.App.4th 1458, 1475 [29 Cal.Rptr.3d 561]; *Galdjie*, at p. 1343; *Herrick v. State of California* (1983) 149 Cal.App.3d 156, 161 [196 Cal.Rptr. 663]; *Steinhart v. County of Los Angeles* (2010) 47 Cal.4th 1298, 1319 [104 Cal.Rptr.3d 195, 223 P.3d 57].)

### 19. Transfers Voidable By Undue Influence

Furthermore, the transfers from Decedent to SONJA and LESLIE are voidable by undue influence. Under Civil Code §1575, there are three separate grounds for undue influence, all of which has been plead:

(1) The use, by one in whom a confidence is reposed by a person, or by one who

holds a real or apparent authority over the person, of such confidence or authority for the purpose of obtaining an unfair advantage over the person;

        (2) The taking of an unfair advantage of a person's weakness of mind; and

        (3) The taking of a grossly oppressive and unfair advantage of a person's necessities or distress.

        An apparent consent, which is an essential element of a contract, is not real or free if obtained through undue influence. Civil Code §§1565, 1567.

20.   <u>Burden Shifts to Respondents SONJA and LESLIE - Presumed Invalid</u>

        At all times relevant and no later than January 1, 2004, Decedent was a dependent adult in that she required caregiving type assistance for some of her activities of daily living. Furthermore, she was a vulnerable adult in that she was depending on others for emotional and physical support. She also suffered some tragic losses with the death of her daughter and later death of her son that made her very much consumed with grief (these individuals lived in the same building and a source of emotional support). The rules regarding the burden of proof are different when the case involves an inter vivos transfer rather than a will/trust. For an inter vivos transfer, the presumption of undue influence arises if the grantor was susceptible to imposition and there is *slight evidence* that the instrument was the product of coercion. <u>O'Neil v Spillane</u> (1975) 45 CA3d 147, 155. Similarly, an inter vivos transfer is presumed invalid when a confidential relationship existed between the parties. <u>Strasberg v Odyssey Group, Inc.</u> (1996) 51 CA4th 906, 920.

21.   <u>Respondent Has High Burden To Rebut Presumption</u>

        The presumption of undue influence affects the burden of proof. When the facts triggering the presumption are shown, the proponent of the instrument has the burden of proving that it was not procured by undue influence. <u>Estate of Sarabia</u>, supra. Some cases have indicated that, once the presumption applies, the proponent has the burden of proving his or her innocence by clear and convincing evidence. See, e.g., <u>Bank of America v Crawford</u> (1945) 69 CA2d 697,

701. In that case, the defendant "could not sustain the transaction except by clear and convincing evidence that there had been no abuse of the confidence reposed in him by the decedent, and when he placed his dependence on the testimony of witnesses to overcome the presumption of the use of undue influence, such testimony had to be clear, positive, uncontradicted, and of such a nature that it could not rationally be disbelieved." (Hicks v. Reis (1943), 21 Cal.2d 654, 661 [134 P.2d 788]; Blank v. Coffin (1942), 20 Cal.2d 457, 461 [126 P.2d 868].)

22.  Undue Influence Can Be Proved Even Without Burden Shift

Decedent had high blood pressure, diabetes, likely COPD, likely heart failure, and other vascular issues which caused a vascular dementia type process. The vascular dementia process is what preserves a person's sense of self while substituting emotional reasoning in place of logical reasoning that makes a person highly susceptible to undue influence. A person places trust in a new or close in proximity relationship with someone providing the emotional environment that either satisfies a person's need for affection, or contributes to a person's need for safety. This shift in trust takes place at a time of increased vulnerability, often after a significant increase in physical frailty. This creates the opportunity for undue influence. Indicia of undue influence that was exercised by both Respondents (LESLIE and SONJA) include:

i.  Separation of the Decedent from other sources of information, which can include taking advantage of existing separation from family (or even causing it) ;

ii.  Imposition of emotionally-charged beliefs as facts on the person being influence - Respondents were constantly reinforcing the idea that they were the only ones taking care of the Decedent, resulting in inequity;

iii.  Creation of a pseudo-world by manipulating or taking advantage of a gap in communication from previously valued family, friends and/or advisors - Respondents controlled all information available to the Decedent and rebuffed any attempt to seek transparency into the Decedent's affairs so that these manipulations would not be discovered;

iv.  Attainment of knowledge of financial affairs within a confidential relationship - having complete dependency on others, Respondents became aware and familiar

with the Decedent's assets and estate plan and therefore effectuated changes in the ownership of assets that resulted in inequity;

   v. Active procurement of changes to account and property ownership inconsistent with previous plans and values - through undue influence and false statements, Respondent overwhelmed the Decedent's free will so that she did not make a knowing and free act in changing ownership of her house so that it would not be owned by the trust; and

   iv. Undue gain through distribution of estate assets - the entirety of the Decedent's interest in the homes went to LESLIE, then a previously estranged niece (SONJA) and then to her son, even though Decedent's intent was otherwise.

  23. <u>Respondent had Apparent Authority</u>

   No later than January 1, 2014, the Decedent's became totally dependent on others for personal and financial needs. During this time, Respondents completely took over Decedent's executive decisions for personal care and finances. At this time, she had great difficulty getting up, walking, etc. and Respondents usurped the decision-making authority of the Decedent with regard to finances and household management from the time they began to "help" care for Decedent's finances. To all appearances, Respondents had 100% authority around the house, in all regards to finances.

  24. <u>Imposition of Emotionally-Charged Beliefs as Facts</u>

   Petitioner discovered that Respondents constantly isolated the Decedent when Petitioner or other family members wanted to visit or communicate with the Decedent and convinced her that she was helpless (she was) but that she was her only resource for help. They actually facilitated in asking Petitioner to leave the home. Because Respondents created a rift and controlled all the information to the extremely weakened and dependent Decedent, they successfully created a pseudo-world by manipulating or taking advantage of this gap in communication from previously valued family, friends and/or advisors. In becoming the Decedent's confidant and care manager, they attained knowledge of her financial affairs within a

PETITION UNDER PROBATE CODE 850

confidential relationship and actively procured changes to the title ownership inconsistent with previous plans and values (of considering both children).

25. <u>Inequitable Result</u>

The Decedent had an integrated and well-maintained estate plan that always intended that her assets pass through the trust. But, under the influence of Respondent, all the assets were redirected to him directly with no regard to the estate planning objectives.

26. <u>No Reason To Suspect Any Harm</u>

Petitioner was always under a belief that she was a partial equitable owner through her mother's estate plan and only now realize that the houses bypassed her estate plan - if it still even exists. There was certainly no reason to suspect that Petitioner would have to be in any way involved, let alone, file a lawsuit over the Subject Properties against her niece of all people. As such, Petitioner did not know of facts that would have caused a reasonable person to suspect that she had suffered harm that was caused by someone's wrongful conduct and the exercise of reasonable diligence and a good faith investigation would not have disclosed that a harmful situation contributed to her harm. She could not have suspected that the properties would be transferred to a minor (Divaco is an adult now but a minor then).

27. <u>Request for Double Damages</u>

Probate Code 859 provides that if a court finds that a person has in bad faith wrongfully taken, concealed, or disposed of property belonging to an elder, a dependent adult, or a trust, or has taken, concealed, or disposed of the property by the use of undue influence in bad faith or through the commission of elder or dependent adult financial abuse, the person shall be liable for twice the value of the property recovered by an action. Petitioner is informed and believes that SONJA N. COLBERT and LESLIE R. COLBERT have in bad faith wrongfully taken, concealed, or disposed of property belonging to this estate <u>and</u> has in bad faith wrongfully taken income belonging to the Decedent, who was an elder and a dependent adult, resulting in the

PETITION UNDER PROBATE CODE 850

asset being excluded from her estate - apparently a trust no longer exists.

      28.   <u>Request For Constructive Trust</u>

      One who receives unjust enrichment by "fraud, accident, mistake, undue influence, violation of a trust, or other wrongful act" is an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it. The only conditions necessary for imposition of a constructive trust is (a) the existence of a res ("a particular thing"), (b) the right of the plaintiff to that res, and (c) some wrongful acquisition or detention of the res by a party who is not entitled to it. <u>Communist Party v 522 Valencia, Inc.</u> (1995).

      The particular thing in this matter is:

- 1864 11TH AVE, OAKLAND, CA 94606 legally described as:

BEGINNING at the intersection of the southeastern line of 11th Avenue, formerly Pierce street, with the southwestern line of East 19th Street, formerly Lacy Street, as said streets are shown on the map hereinafter referred to, running thence south westerly along said line of 11th Avenue, 75 feet; thence at right angles southeasterly 78 feet; thence at right angles northeasterly 32 feet; thence at right angles northwesterly 40 feet; thence at right angles northeasterly 43 feet to the southwestern line of East 19th Street, and thence northwesterly along said last named line, 35 feet to the point of beginning.

BEING A PORTION of Block 110, as said block is shown on Higley's Map of Clinton, of records in the office of the County Recorder of Alameda County.
(APN 21-237-1)

- 847 E 18TH ST, OAKLAND, CA 94606 legally described as:

All that certain real property situate in the City of Oakland, County of Alameda, State of California, described as follows:

A portion of Block 96. Higley's Map of Clinton of record in book B of Deeds, Page 537, Alameda County Records, described as follows:

Beginning at the point of the intersection of the northwestern line of 9th Avenue, (formerly Clay Street) wit the southwestern line of East 18th Street, (formerly Webster Street), as said street are shown on said map, and running thence northwesterly along said line of East 18th street, 40 feet; thence southwesterly and parallel ,with said line of 9th Avenue, 100 feet; thence southeasterly and parallel with said line of East 18th street 40 feet to said line of 9th Avenue, and thence northeasterly along said line of 9th avenue 100 feet to the point of beginning.
(APN 20-218-6)

Case: 19-41729   Doc# 512-2   Filed: 04/07/23   Entered: 04/07/23 15:45:29   Page 21 of 26

The right of Petitioner as beneficiary and the estate being the entitled entity to property rights taken from the Decedent. Finally, the wrongful acquisition is the taking of the Subject Properties by misappropriation by Undue Influence as discussed above and the invalid transfers to Divaco's Trust through all the subsequent "Straw Man" transfers described in further detail above (back and forth between SONJA and LESLIE).

29.     <u>Multiple Respondents for Constructive Trust Matter</u>

Petitioner requests and order determining that Requested Order that the following individuals hold 864 11TH AVE, OAKLAND, CA 94606 and 847 E 18TH ST, OAKLAND, CA 94606 in constructive trust for the benefit of the beneficiaries of this estate: SONJA N. COLBERT, LESLIE R. COLBERT, DIVACO C. COLBERT, the then acting trustee of "THE SONJA NICOLLE COLBERT LIVING TRUST" and the then acting trustee of the "DIVACO C. COLBERT TRUST."

30.     <u>Court May Reimburse Petitioner's Fees</u>

Petitioner requests that this Court award Petitioner the costs and reasonable attorneys' fees incurred by Petitioner as a result of filing this Petition. As discussed above, Petitioner is a beneficiary and would be entitled to reimbursement for attorney fees expended in recovering funds in favor of the estate.

Pursuant to <u>Estate of Reade</u> (1948) 31 Cal.2d 669, 671-672, the Court found: "The basis of equitable rule which permits surcharging a common fund with the expenses of its protection or recovery, including counsel fees, appear to be these: fairness to the successful litigant, who might otherwise receive no benefit because his recovery might be consumed by the expenses; correlative prevention of an unfair advantage to the others who are entitled to share in the fund and who should bear their share of the burden of its recovery; encouragement of the attorney for the successful litigant, who will be more willing to undertake and diligently prosecute proper litigation for the protection or recovery of the fund if he is assured that he will be promptly and directly compensated should his efforts be successful." (<u>Estate of Stauffer</u> (1959

53 Cal.2d 124, 132, 753.)  Also see In the Estate of Kann (1967 253 Cal.App.2d 212.) and the Estate of Lundell (1951 107 Cal.App.2d 463.).

      31.    Fees Against Respondent SONJA and LESLIE

      Probate Code 859 provides that if a court finds that a person has in bad faith wrongfully taken, concealed, or disposed of property belonging to a conservatee, a minor, an elder, a dependent adult, a trust, or the estate of a decedent, or has taken, concealed, or disposed of the property by the use of undue influence in bad faith or through the commission of elder or dependent adult financial abuse, as defined in Section 15610.30 of the Welfare and Institutions Code, the person shall be liable for twice the value of the property recovered by an action under this part. In addition, except as otherwise required by law, including Section 15657.5 of the Welfare and Institutions Code, the person may, in the court's discretion, be liable for reasonable attorney's fees and costs. Petitioner requests and order of double damages against LESLIE and SONJA for the aforementioned bad faith and undue influence.

      WHEREFORE, Petitioner prays for an order of this court that:

      1. That the Estate is the true owner of real property commonly known as 1864 11TH AVE, OAKLAND, CA 94606 legally described as: BEGINNING AT THE INTERSECTION OF THE SOUTHEASTERN LINE OF 11TH AVENUE, FORMERLY PIERCE STREET, WITH THE SOUTHWESTERN LINE OF EAST 19TH STREET, FORMERLY LACY STREET, AS SAID STREETS ARE SHOWN ON THE MAP HEREINAFTER REFERRED TO, RUNNING THENCE SOUTH WESTERLY ALONG SAID LINE OF 11TH AVENUE, 75 FEET; THENCE AT RIGHT ANGLES SOUTHEASTERLY 78 FEET; THENCE AT RIGHT ANGLES NORTHEASTERLY 32 FEET; THENCE AT RIGHT ANGLES NORTHWESTERLY 40 FEET; THENCE AT RIGHT ANGLES NORTHEASTERLY 43 FEET TO THE SOUTHWESTERN LINE OF EAST 19TH STREET, AND THENCE NORTHWESTERLY ALONG SAID LAST NAMED LINE, 35 FEET TO THE POINT OF BEGINNING. BEING A PORTION OF BLOCK 110, AS SAID BLOCK IS SHOWN ON HIGLEY'S MAP OF CLINTON, OF RECORDS IN

THE OFFICE OF THE COUNTY RECORDER OF ALAMEDA COUNTY. (APN 21-237-1)

2. That the above referenced property is presently vested in the name of the personal representative of this estate.

3. That the Estate is the true owner of real property commonly known as 847 E 18TH ST, OAKLAND, CA 94606 legally described as: ALL THAT CERTAIN REAL PROPERTY SITUATE IN THE CITY OF OAKLAND, COUNTY OF ALAMEDA, STATE OF CALIFORNIA, DESCRIBED AS FOLLOWS: A PORTION OF BLOCK 96. HIGLEY'S MAP OF CLINTON OF RECORD IN BOOK B OF DEEDS, PAGE 537, ALAMEDA COUNTY RECORDS, DESCRIBED AS FOLLOWS: BEGINNING AT THE POINT OF THE INTERSECTION OF THE NORTHWESTERN LINE OF 9TH AVENUE, (FORMERLY CLAY STREET) WIT THE SOUTHWESTERN LINE OF EAST 18TH STREET, (FORMERLY WEBSTER STREET), AS SAID STREET ARE SHOWN ON SAID MAP, AND RUNNING THENCE NORTHWESTERLY ALONG SAID LINE OF EAST 18TH STREET, 40 FEET; THENCE SOUTHWESTERLY AND PARALLEL ,WITH SAID LINE OF 9TH AVENUE, 100 FEET; THENCE SOUTHEASTERLY AND PARALLEL WITH SAID LINE OF EAST 18TH STREET 40 FEET TO SAID LINE OF 9TH AVENUE, AND THENCE NORTHEASTERLY ALONG SAID LINE OF 9TH AVENUE 100 FEET TO THE POINT OF BEGINNING. (APN 20-218-6)

4. That the above referenced property is presently vested in the name of the personal representative of this estate.

5. That SONJA N. COLBERT and LESLIE R. COLBERT be held liable for double damages for bad faith and undue influence.

6. That the following individuals hold the aforementioned properties in constructive trust for the estate: SONJA N. COLBERT, LESLIE R. COLBERT, DIVACO C. COLBERT, the then acting trustee of "THE SONJA NICOLLE COLBERT LIVING TRUST" and the then acting trustee of the "DIVACO C. COLBERT TRUST."

7. For attorneys fees and costs; and

8. Such further relief as the court may deem proper.

Dated:

WADE LAW GROUP APC

_____
David S. Chon
Attorneys for Petitioner
KIMBERLY ALEXANDER

VERIFICATION

STATE OF CALIFORNIA                    )

COUNTY OF ALAMEDA                    )

       I have read the foregoing PETITION: FOR ORDER ESTABLISHING ESTATE'S CLAIM TO PROPERTY; FOR DOUBLE DAMAGES; FOR CONSTRUCTIVE TRUST; FOR ATTORNEYS FEES AND COSTS and know its contents. I am a party to this action. The matters stated in the foregoing document are true and of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration is executed on _____, at Alameda, California.

 

 

_____
KIMBERLY ALEXANDER