Marc Voisenat (CSB# 170935)
2329A Eagle Avenue
Alameda, Ca 94501
Tel: (510) 263-8664
Fax: (510) 272-9158

Attorney for Reorganized Debtor
Sonja Nicolle Colbert

# United States Bankruptcy Court

# Northern District of California

| | |
|---|---|
| In re:<br><br>Sonja Nicolle Colbert<br><br>        Reorganized Debtor | Case No.: 19-41729<br><br>Chapter 11<br><br>**MOTION FOR VIOLATION OF DISCHARGE ORDER AND ORDER CONFIRMING CHAPTER 11 PLAN**<br><br>Date:    March 22, 2024<br>Time:   11:00 a.m.<br>Crtrm:  215 |

**I.   Introduction**

    The reorganized debtor, Sonja Nicolle Colbert seeks and Order that the Petition filed by Kimberly Alexander in the State Court is a violation of her Discharge Order and the Order Confirming Plan entered in this case.

**II.   Statement of Facts**

    The above case on July 30, 2019. At the time the case was filed, Kimberly Alexander was not a known creditor to the reorganized debtor. For that reason, she was not listed in the reorganized debtor's bankruptcy schedules. The reorganized debtor first learned that Kimberly

Alexander alleges she had a claim against her in September 2022 when Kimberly Alexander filed a Petition for Letters of Administration in August 2022.

On November 10, 2022, the reorganized debtor filed a Notice of Active Bankruptcy Court in the Probate Court in which the Petition for Letters of Administration was filed. (Colbert Dec Exhibit A.) On November 10, 2022, the Probate Court issued an Order appointing Kimberly Alexander as special administrator and Ordered "The special administrator is hereby granted the power to file a claim or litigation on behalf of the estate and in the bankruptcy proceeding of Sonja Colbert. (Colbert Dec Exhibit B.) However, Kimberly Alexander did not file a claim in this bankruptcy case.

On January 5, 2022, the reorganized debtor filed an Amended Chapter 11 Plan Dated January 3, 2023, Amended Disclosure Statement. [Dkt # 480] (the "Amended Plan") The Amended Plan disclosed the alleged claim of Kimberly Alexander. [Dkt #480 12:14-22] Docket 480 also provided at Part 5(b) "Vesting of Property. On the Effective Date, all property of the estate and interests of the Debtor will vest in the reorganized Debtor pursuant to § 1141(b) of the Bankruptcy Code free and clear of all claims and interests" [Dkt #480 p. 8]

On February 2, 2023, a hearing was held on the Amended Plan and a confirmation hearing was set for March 31, 2023. Any objections to the Amended Plan were to be filed by March 24, 2023. [Dkt #495] On March 24, 2023, Kimberly Alexander filed an objection to the Amended Plan and Request for Judicial Notice. [Dkt ##, 503,504].

Kimberly Alexander's objection stated that 1864 11th Ave, Oakland, CA 94606 and 847 E 18th St, Oakland, CA 94606, were not property of Debtor's bankruptcy estate. [Dkt # 503]. The objection proposed as a resolution "Ms. Alexander's objection can be resolved with a stipulation or an order confirming plan, which clearly provides that the terms of Debtor's confirmed Chapter 11 plan are not binding on Kimberly Robin Alexander or the Estate of Dorothy Marsh Alexander."

On March 31, 2023, a hearing was held, and the minutes of the hearing stated: "Minutes: By 4/14/2023, Debtor shall file and serve an Amended Combined Plan and Disclosure Statement. By 5/5/2023, Interested Party Kimberly Robin Alexander shall file and serve an objection to the Amended Combined Plan and Disclosure Statement. Debtor may file a response to the objection to Amended Combined Plan and Disclosure Statement. The Confirmation Hearing and Status Conference are continued to 05/12/2023 at 11:00 AM"

On April 12, 2023, the reorganized debtor filed a document entitled "Chapter 11 Plan of Reorganization dated April 11, 2023, Disclosure Statement" (the "April 12, 2023 Plan") [Dkt # 517] The April 12, 2023, Plan provided that Kimberly Alexander did not have an enforceable claim. [Dkt #517 13:24-25] The April 12, 2023 Plan also stated: "Vesting of Property. On the Effective Date, all property of the estate and interests of the Debtor will vest in the reorganized Debtor pursuant to § 1141(b) of the Bankruptcy Code free and clear of all claims and interests except as provided in this Plan" [Dkt #517 8-9:24-2]. Kimberly Alexander did not file an objection to the April 12, 2023 Plan.

On May 12, 2023, the court confirmed the reorganized debtor's amended chapter 11 plan dated April 11, 2023. An Order Confirming Plan was entered on May 15, 2023. [Dkt #531] On June 8, 2023, the debtor filed a Notice of Plan Completion and Intent to Request Discharge And Opportunity To Request A Hearing. [Dkt # 541] The Notice provided that the debtor intended to seek a discharge.

On June 8, 2023, the reorganized debtor filed a declaration stating that: "I have made all the payments or otherwise provided for all claims required by the confirmed plan." [Dkt # 543] Dockets 541 and 543 were served electronically on Evan Livingston, counsel for Kimblery Alexander, on June 8, 2024. (Colbert Dec Exhibit C)

The reorganized debtor received no objection to her request for a discharge and the Court entered a discharge order on July 10, 2023. [Dkt # 552]

On September 5, 2023, Kimberly Alexander filed a Petition in the State Court, seeking to recover from the reorganized debtor the real properties located at 1864 11th Ave, Oakland, CA 94606 and 847 E 18th St, Oakland, CA 94606 notwithstanding the fact that these real properties vested in the reorganized debtor when her plan was confirmed. (Colbert Dec Exhibit D.)

On November 20, 2023, Marc Voisenat brought the discharge and confirmation issue to the probate court. On November 20, 2023, Marc Voisenat filed an Opposition to the Petition which raised the discharge and confirmed plan. (Colbert Dec Exhibit E). On December 22, 2023, Marc Voisenat filed a declaration after a meet an confer with opposing counsel. (Colbert Dec Exhibit F). On January 3, 2024, the State Court continued the probate case to April 3, 2024 to allow this Court to determine the scope of the discharge order and confirmation order.

## III. Legal Standard

Bankruptcy Code § 524(a) provides in part as follows:

### a. §524. Effect of discharge

"(a) A discharge in a case under this title -

(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;

(2) operates as an injunction against the commencement or continuation of an action, the employment for process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; . . . ." 11 U.S.C. §524(a).

The bankruptcy discharge releases the debtor from liability on debts and enjoins any creditor's effort to collect a discharged debt as a liability of the debtor. See In re Gurrola, 328 B.R. 158, 163-64, 175 ("judgments and acts in violation of the [discharge] injunction are automatically void ab initio, hence self-executing, for the same reasons as the automatic stay"). Section 1141(d)(1) provides that the order confirming the Chapter 11 plan "discharges the debtor from any debt that arose before the date of such confirmation . . .whether or not (i) a proof of the claim based on such debt is filed or deemed filed under Section 501 of this title; (ii) such claim is

allowed under section 502 of this title; or (iii) the holder of such claim has accepted the plan . . ." 11 U.S.C. § 1141(d)(1).

A claim is defined by the Bankruptcy Code as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A).

For purposes of the discharge in bankruptcy, a claim arises at the time of the events giving rise to the claim, not at the time plaintiff is first able to file suit on the claim. In re Heilman, 430 B.R. 213, 219-20 (9th Cir. BAP 2010) "A claim arises when a claimant can fairly or reasonably contemplate the claim's existence even if a cause of action has not yet accrued under nonbankruptcy law." O'Loghlin v. County of Orange, 229 F.3d 871, 874 (9th Cir. 2000).

The provisions of a confirmed plan bind all parties whose rights are affected by the plan. In re Garsal Realty, Inc. 39 Bankr. 991 (N.D.N.Y. 1984) aff'd mem. 755 F.2d 913 (2nd Cir. 1985); In re 12th & N Joint Venture, 63 Bankr. 36, 38 (Bankr. D.D.C. 1986). Once the confirmed plan has become consummated, it becomes the law of the case. In re Nardulli & Sons, Co., 66 Bankr. 871, 881 (Bankr. W.D. Pa. 1986)

A bankruptcy court's confirmation is a final binding order, accorded full res judicata effect and precludes the raising of issues which could or should have been raised during the pendency of the case. Heritage Hotel Ltd. Partnership I v. Valley Bank of Nevada (In re Heritage Hotel Partnership I), 160 B.R. 374, 377 (9th Cir. BAP 1993), aff'd, 59 F.3d 175 (9th Cir. 1995); accord Trulis v. Barton, 107 F.3d 685, 691 (9th Cir. 1995).

It is true that the debtor has a general obligation to list its known creditors when first filing a bankruptcy petition; the debtor's failure to do so typically means the unlisted creditor's claims are exempt from discharge. 11 U.S.C. §523(a)(3). There is, however, a catch: If an interested party has "notice or actual knowledge" of the bankruptcy, that party must "come forward and protect their enhanced rights . . . or else lose their rights through the sweeping

discharge of Chapter 11. <u>Raymond James & Assocs. v. Jalbert (In re German Pellets La., L.L.C.)</u>, 91 F.4th 802 (5th Cir. 2024). The Court stated:

> "Here, no one disputes that LAP failed to list Raymond James as a creditor when it filed its bankruptcy petition. Although such an omission would usually preserve Raymond James's pre-bankruptcy indemnity rights, 11 U.S.C. § 523(a)(3), Raymond James had "actual knowledge" of the bankruptcy case: It monitored the case's progression from its commencement and even communicated with LAP's counsel. Under our precedent, that knowledge obligated Raymond James to come forward with its indemnity claim. See In re Christopher, 28 F.3d at 518. But it never did; Raymond James chose not to assert any rights it had against LAP during the company's bankruptcy proceedings. Nor did Raymond James object to the plan's provisions that threatened to extinguish its pre-petition rights." Id. 10-11.

The Court held:

> "We agree, and on these grounds and those above, resolve the first dispute with relative ease: Even though LAP failed to list Raymond James as a creditor when it filed for bankruptcy, Raymond James is nevertheless subject to the confirmation plan because of its actual knowledge of the underlying proceedings." Id. at 12.

As set forth above, Ms. Alexander not only had knowledge of the proceedings, she participated in the confirmation process. She filed an objection to the debtor's January 3, 2023 plan which provide in part that "all property of the estate and interests of the debtor will vest in the reorganized debtor pursuant to §1141(b) of the bankruptcy code free and clear of all claims and interests" Ms. Alexander's objection to this plan on March 24, 2023 stating that "1864 11th Ave, Oakland, CA 94606 and 847 E 18th St, Oakland, CA 94606, were not property of Debtor's bankruptcy estate." [Dkt # 503] It was clear to Ms. Alexander that the debtor sought, through the plan, to have 1864 11th Ave, Oakland, CA 94606 and 847 E 18th St, Oakland, CA 94606 vest in the debtor free and clear of all claims in interests.

The debtor filed an amended plan on April 12, 2023 with the exact same vesting provision. This time, Ms. Alexander did not object to the vesting provision. As a result, Kimberly Alexander is subject to the confirmation plan because of her actual knowledge and participation in the underlying proceeds.

///

## IV. Notice Requirement for Discharge

Collier On Bankruptcy writes that the exception in §523(a)(3) for creditors who do not receive notice of a bankruptcy but otherwise acquire actual knowledge has been consistently upheld against due process challenges. Collier On Bankruptcy, 523.09[4][a]; see, Lompa v. Price (In re Price), 871 F.2d 97, 99 (9th Cir. 1989)

For notice purposes, bankruptcy law distinguishes between known creditors, who are entitled to receive direct notice of each stage in the reorganization proceedings, and "unknown creditors," for whom publication notice is sufficient." In re Arch Wireless, Inc., 534 F.3d 76, 80 (1st Cir. 2008); In Monster Content, LLC v. HOMES.COM, Inc., 331 B.R. 438, 442 (N.D. Cal. 2005), the court articulated the distinction between known and unknown creditors:

> "As characterized by the Supreme Court, a "known" creditor is one whose identity is either known or "reasonably ascertainable by the debtor." Tulsa Professional Collection Serv., Inc. v. Pope, 485 U.S. 478, 490 (1988). An "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]." Mullane, 339 U.S. at 317.
>
> A creditor's identity is "reasonably ascertainable" if that creditor can be identified through "reasonably diligent efforts." Mennonite Bd. Of Missions v. Adams, 462 U.S. 791, 798 n. 4 (1983). Reasonable diligence does not require "impracticable and extended searches . . . in the name of due process." Mullane, 339 U.S. at 317. A debtor does not have a "duty to search out each conceivable or possible creditor and urge that person or entity to make a claim against it." Charter Crude Oil Co. v. Petroleos Mexicanos (In re Charter Co.), 125 B.R. 650, 654 (M.D. Fla.1991). See also Trump Taj Mahal Assocs. v. O'Hara (In re Trump Taj Mahal Assocs.), 1993 WL 534494, 1993 U.S. Dist. LEXIS 17827 (D.N.J. Dec. 13, 1993) (explaining that "those creditors who hold only conceivable, conjectural or speculative claims" are unknown)." Monster Content, 331 B.R. at 442.

Even an unscheduled or unlisted creditor who has either received formal notice or gains actual knowledge of the bankruptcy case has an "obligation to take timely action to protect [its] claim." Lompa v. Price (In re Price), 871 F.2d 97, 99 (9th Cir. 1989) (reasoning that "[t]he statutory language [of § 523(a)(3)(B)] clearly contemplates that mere knowledge of a pending bankruptcy proceeding is sufficient to bar the claim of a creditor who took no action, whether or not that creditor received official notice from the court of various pertinent dates.").

Once a creditor gains actual notice of bankruptcy, such notice triggers a deadline by which the creditor must protect its rights, or its claim will be subject to discharge. Diepholz v. Zahlmann (In re Diepholz)[1], No. AZ-11-1581-DJuHl, 2012 Bankr. LEXIS 4718, at 27 (B.A.P. 9th Cir. Oct. 4, 2012) ("Under Dewalt, a minimum 30-day deadline is presumptively reasonable, and the application of some deadline also is presumed, but no particular outside deadline is mandated.")

Rule 4007(b), which governs the timing of the commencement of §523(a)(3)(B) complaints by unscheduled creditors, reads: "A complaint other than under §523(c) may be filed at any time." Beaty v. Selinger (In re Beaty), 306 F.3d 914, 922 (9th Cir. 2002). In addressing the "at any time" language, the Ninth Circuit stated that "the best reading of §523(a)(3)(B) and Rule 4007(b) is that laches is available as a defense." Id. at 926 (9th Cir. 2002). In explaining the doctrine of laches, the Court stated:

> "Doctrine of laches' is based upon maxim that equity aids the vigilant and not those who slumber on their rights. It is defined as neglect to assert a right or claim which, taken together with lapse of time and other circumstances causing prejudice to the adverse party, operates as a bar in court of equity." Id. at 26-27.)

In this case, Kimberly Alexander, learned of Colbert's bankruptcy on November 10, 2024 (Colbert Dec Exh A). At this point, no discharge had been entered and no plan had been confirmed. Alexander had every right to file a non-dischargeability action but chose not to. She had a right to objection to the plan provisions, which she originally did at it related to 1864 11th Ave, Oakland, CA 94606 and 847 E 18th St, Oakland, CA 94606. However, she chose not to pursue those objections.

As set forth above, on June 8, 2023, the debtor filed a Notice of Plan Completion and Intent to Request Discharge and Opportunity to Request a Hearing. [Dkt # 541] The Notice provided that the debtor intended to seek a discharge. Ms. Alexander, who was served with the

---

[1] This case is only being cited for whatever persuasive value it may have (see Fed.R.App.P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

motion, did not object to the debtor's request for a discharge nor did she file a complaint for non-dischargeability while she still had the chance. The Court entered a discharge order on July 10, 2023. [Dkt # 552]

Two months later, Ms. Alexander filed her probate petition seeking an ownership interest in 1864 11th Ave, Oakland, CA 94606 and 847 E 18th St, Oakland, CA 94606. (Colbert Dec Exh D pgs. 15-16).

Ms. Alexander had 9 months from the time she learned of the debtor's bankruptcy to have her claim determined to be non-dischargeable but sat on her rights. Ms. Alexander's neglected to assert a right or claim taken together with lapse of time and other circumstances causing prejudice to the debtor which operates as a bar in a court of equity. As such, the discharge order and confirmation order applies to Ms. Alexander.

V. **Damages**

Colbert has been forced to pay attorney fees related to the discharge violations both in the probate court and this court. My fees alone are $5,108.30 for representation in the probate court and $1,935 for the filing of this motion. Colbert should be awarded her damages for the discharge violation and/or plan violation.

VI. **Conclusion**

It is clear that Ms. Alexander had actual knowledge of the debtor's bankruptcy and had sufficient time to file a non-dischargeability action but failed to do so. In addition, Ms. Alexander participated in the confirmation process and had full knowledge of the vesting provisions set forth in the plan. Ms. Alexander originally objected to the plan but later chose not to pursue those plan objections. As such, she is bound by both the discharge order and the order

///

///

confirming plan. The current probate action is a violation of both the debtor's discharge and the Order confirming plan.

Dated: February 21, 2024

/s/ Marc Voisenat
Marc Voisenat, Attorney
for reorganized debtor